[No. 46407. En Banc. January 10, 1980.]

WASHINGTON EDUCATION ASSOCIATION, ET AL, *Petitioners*, v. THE STATE OF WASHINGTON, ET AL, *Respondents*.

*Judith A. Lonnquist* and *Symone B. Scales,* for petitioners.

*Slade Gorton, Attorney General, Richard M. Montecucco, Senior Assistant,* and *Robert E. Patterson, Assistant,* for respondents.

*John Burns,* amicus curiae.

BRACHTENBACH, J.—In the 1979 appropriations bill, House Bill 516, the legislature placed the following condition and limitation upon the appropriation to the State Superintendent of Public Instruction for "basic education" funding: "No [school] district may grant [to certain school district employees, including teachers] from any fund source whatsoever any percentage salary increase greater than that provided in sections 100, 102, 103 and 106 of this act." Laws of 1979, 1st Ex. Sess., ch. 270, § 100(1).

The appropriations bill then proceeds, in the referenced sections, to set statewide public school salary increase limitations, the details of which are not determinative here.

The principal plaintiff in this suit challenging that legislative limitation is the Washington Education Association (WEA). In its petition the WEA describes itself as a labor organization representing approximately 38,000 public school teachers and other certificated and classified employees of the common schools.

The attack is mounted on numerous principles but we find one controlling, limit our holding to that issue, and find the funding condition and limitation to be invalid.

With respect to most school districts (there is a question of impairment of existing contracts in a few districts), WEA concedes that the legislature has the power to do what it did, but contends that the legislature must, and did not, comply with an applicable, controlling, and determinative constitutional provision. We agree.

This case is yet another chapter in the continuing saga of public school financing in Washington. This court mandated state funding of basic education in *Seattle School Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978). The legislature enacted a basic education definitional act, RCW 28A.58.750–.760, and a limitation upon local school districts' ability to enact local levy property taxes, RCW 84.52. In the process of funding basic education as defined by the new statutes, the legislature has attempted to limit the powers of local school districts to spend monies from various sources, including state allocations, to raise teachers' salaries.

The reason that this legislative limitation effort must fail is not attributable to some notion of this court, but rather to the command of our state constitution. Article 2, section 37, is explicit:

> No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length.

■ The rationale for the constitutional provision was explicated in *State ex rel. Gebhardt v. Superior Court,* 15 Wn.2d 673, 685, 131 P.2d 943 (1942). When reading a new statute, a citizen or legislator must not be required to search out other statutes which are amended to know the law on the subject treated in the new statute. The new statute must either be complete in itself or it must show explicitly how it relates to statutes that it amends. Likewise, a citizen or legislator who is interested in an existing statute should be alerted when that statute is amended.

This court has an established record of deference to appropriate legislative judgment. *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 570 P.2d 428 (1977); *Water Dist.*

105, *King County v. State,* 79 Wn.2d 337, 485 P.2d 66 (1971); *Gruen v. State Tax Comm'n,* 35 Wn.2d 1, 211 P.2d 651 (1949).

Yet, the legislature was not lacking in notice of the implications of article 2, section 37. In *Flanders v. Morris,* 88 Wn.2d 183, 191, 558 P.2d 769 (1977), we stated again that

> in certain instances the legislature must place conditions and limitations on the expenditures of monies, but to the extent that such conditions or limitations have the effect of modifying or amending the general law they are unconstitutional enactments.

A staff counsel of the Senate Research Center advised the appropriate Senate committee chairman that the bill limitation was unconstitutional as violative of, among other things, article 2, section 37.

Given that background, did the appropriations bill in question amend the then existing substantive statutory law? To decide that question we first need to determine what constitutes an amendment within the meaning of article 2, section 37. The answer is derived from the purposes of the constitutional limitation.

One purpose is to avoid uncertainty created by the need to refer to existing law to understand the effect of the new enactment, whether it be an appropriations act or a codified statute. The first test therefore is: Is the new enactment such a complete act that the scope of the rights or duties created or affected by the legislative action can be determined without referring to any other statute or enactment? *Naccarato v. Sullivan,* 46 Wn.2d 67, 74, 278 P.2d 641 (1955).

The challenged limitation merely provides that no district may grant a salary increase greater than a certain amount. The statute does not specify what powers remain with the district or whether the district has the power to grant salary increases at all. In order to understand the effect of the limitation, one must refer to RCW 28A.58.010

and .100(1) which establish the general powers of the district and the powers of the school board to fix salaries of employees.

Another purpose of the constitutional limitation is to apprise those who are affected by an existing law of any important changes. The second test therefore is: Would a straightforward determination of the scope of rights or duties under the existing statutes be rendered erroneous by the new enactment? *Weyerhaeuser v. King County,* 91 Wn.2d 721, 731, 592 P.2d 1108 (1979).

█ Under the existing statutory scheme, school districts have "all the usual powers of a public corporation," which presumably *include the power to expend the district's funds, from whatever sources, for its own purposes,* as authorized by law. RCW 28A.58.010. RCW 28A.58.100(1) vests in the board of directors of each school district the duty and authority to "[e]mploy for not more than one year . . . *fix, alter, allow and order paid their salaries and compensation* [for certificated and noncertificated employees]; . . ." (Italics ours.) A straightforward reading of these statutes indicates that districts have the power to spend funds, from whatever source, as they choose on teacher salaries. The challenged limitation purports to amend this authority.

Because RCW 28A.58.100(1) was not fully set forth in the appropriations act which purported to amend it, the offending limitation on the powers of school districts is unconstitutional and of no effect.

The writ of mandamus shall issue directing respondents Brouillet and O'Brien to distribute state funds without regard to, and to give no effect to, section 100(1) of Laws of 1979, 1st Ex. Sess., ch. 270.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.