[No. 29114-9-I.   Division One.   August 30, 1993.]

THE CITY OF SEATTLE, *Respondent,* v. MARVIN A. BALLSMIDER, *Petitioner.*

*Joe Wickersham,* for petitioner.

*Mark H. Sidran, City Attorney,* and *Jeanne Innis, Assistant,* for respondent.

PER CURIAM. — Marvin Ballsmider appeals from a superior court decision affirming his conviction for discharging a firearm in violation of Seattle Municipal Code 12A.28.050. We accelerate review and affirm.

### FACTS

On January 13, 1991, Ballsmider received a citation for discharging a firearm in violation of the Seattle Municipal Code (SMC). A witness had reported that at 4:25 a.m. on January 13, Ballsmider stood on the back porch of his Seattle residence and fired a gun into the air.

Ballsmider entered an *Alford*[1] plea to the offense. In his written guilty plea statement, Ballsmider acknowledged that the maximum sentence for the crime was a $5,000 fine and 365 days in jail. In exchange for the plea, the prosecutor promised to recommend a 3-month deferred sentence, $75 fine, and certain conditions. The Seattle Municipal Court

---

[1] *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

ultimately imposed a sentence of 365 days' confinement with 360 days suspended, and a $5,000 fine with $4,500 suspended. When the sentence was pronounced, Ballsmider moved to withdraw his plea, but the court denied the motion.

Ballsmider appealed to the Superior Court, arguing that his plea was involuntary and that he received ineffective assistance of counsel. The Superior Court affirmed the conviction, and Ballsmider then moved for discretionary review.

This court granted discretionary review of two issues: (1) Whether the sentence for violation of the ordinance was in excess of that allowed under state law because it exceeded the maximum sentence available under the state firearms statutes, RCW 9.41 *et seq.*, and (2) whether Ballsmider is entitled to withdraw his plea because he was misinformed as to the maximum penalty applicable to his offense.[2]

## DECISION

Ballsmider contends the penalty imposed by local firearms ordinances cannot exceed that imposed by the state firearms statutes, and that his sentence was therefore contrary to law because his sentence and the maximum penalty under SMC 12A.28.050 (365 days and $5,000) exceed the maximum penalty allowed under RCW 9.41.230 (90 days and $1,000).

In RCW 9.41.290, the Legislature declared its intent to preempt the field of firearms regulation, stating:

> The state of Washington hereby fully occupies and preempts the entire field of firearms regulation within the boundaries of the state, including the registration, licensing, possession, purchase, sale, acquisition, transfer, discharge, and transportation of firearms, or any other element relating to firearms or parts thereof, including ammunition and reloader components. *Cities, towns, and counties or other municipalities may enact only those laws and ordinances relating to firearms that are specifically*

---

[2]Although the parties' briefs contain analysis and argument relating to equal protection and other constitutional principles, those arguments will not be considered because this court's ruling granting discretionary review specifically denied review as to any constitutional challenges to the ordinance and granted review only on the issues set forth above.

*authorized by state law and are consistent with this chapter. Such local ordinances shall have the same or lesser penalty as provided for by state law.* Local laws and ordinances that are inconsistent with, more restrictive than, or exceed the requirements of state law shall not be enacted and are preempted and repealed, regardless of the nature of the code, charter, or home rule status of such city, town, county, or municipality.

(Italics ours.) This statute plainly requires that any local firearms enactments be consistent with state statutes *and* not carry a greater penalty than that provided for by state law. In another statute, however, the Legislature created an exception to the preemption statute, stating:

(2) *Notwithstanding RCW 9.41.290*, cities, towns, counties, and other municipalities may enact laws and ordinances:

(a) Restricting the discharge of firearms in any portion of their respective jurisdictions where there is a reasonable likelihood that humans, domestic animals, or property will be jeopardized. Such laws and ordinances shall not abridge the right of the individual

guaranteed by Article I, section 24 of the state Constitution to bear arms in defense of self or others; and . . ..

(Italics ours.) RCW 9.41.300(2)(a).

Ballsmider argues that despite the words "[n]otwithstanding RCW 9.41.290" in RCW 9.41.300(2)(a), the penalty restriction in RCW 9.41.290 must be read into RCW 9.41.300-(2)(a) because any other reading of the statutes would render RCW 9.41.290 meaningless. The City, on the other hand, contends the words "[n]otwithstanding RCW 9.41.290" indicate that all of the requirements of RCW 9.41.290, including the penalty restrictions, are inapplicable to RCW 9.41.300-(2)(a).

■■ The word "notwithstanding" is not defined in the statute. When a statutory term is undefined, dictionaries may be consulted to determine its meaning. *State v. Belgarde*, 119 Wn.2d 711, 716, 837 P.2d 599 (1992). The definition of "notwithstanding" is "in spite of", which in turn is defined as "in defiance of, *regardless of* . . .". (Italics ours.) *Webster's New World Dictionary* 974, 1374 (2d ed. 1976). Under these definitions, "[n]otwithstanding RCW 9.41.290" means "regardless of anything in RCW 9.41.290". Had the Legislature intended

that local governments disregard only contrary provisions or restrictions in the preemption statute, it could have easily said "[n]otwithstanding any contrary provisions or restrictions in RCW 9.41.290" instead of "notwithstanding RCW 9.41.290". *See Davis v. County of King*, 77 Wn.2d 930, 932, 468 P.2d 679 (1970). Thus, the effect of "notwithstanding RCW 9.41.290" is that the preemption statute and its restrictions, including its penalty restrictions, are to be disregarded and have absolutely no bearing on laws enacted pursuant to RCW 9.41.300(2)(a).[3]

The same conclusion is reached after a close reading of the preemption statute, RCW 9.41.290. The statute preempts the field of firearms regulation but also expressly allows local governments to enact laws authorized by and consistent with state statutes, including laws involving the discharge of firearms. Thus, given that the Legislature had already given local governments *limited* authority to enact laws involving discharge of firearms under the preemption statute, it appears the Legislature's purpose in creating RCW 9.41.300(2)(a) was to allow local governments relatively *unlimited* authority in one specific area — *i.e.*, the discharge of firearms in areas where people, domestic animals, or property would be endangered.

Contrary to Ballsmider's assertions, our interpretation of the statute does not render RCW 9.41.290 meaningless. The preemption and penalty restriction language of RCW 9.41.290 applies to the entire range of firearms regulation, including "registration, licensing, possession, purchase, sale, acquisition, transfer, *discharge*, and transportation of firearms . . .". (Italics ours.) RCW 9.41.300(2) and its "[n]otwithstanding RCW 9.41.290" language merely give local governments authority, without penalty or other restrictions, to enact laws

---

[3]We are aware of the rule of construction that provisos in and exceptions to general statutes are to be narrowly construed. *State v. Wanrow*, 88 Wn.2d 221, 232, 559 P.2d 548 (1977); *State v. Wright*, 84 Wn.2d 645, 652, 529 P.2d 453 (1974). That rule of construction does not apply here, however, because the statute is not ambiguous and, therefore, not in need of construction.

regarding the *discharge* of firearms in areas where there is a reasonable likelihood that humans, domestic animals, or property will be jeopardized. This limited exception does not swallow or render meaningless the general preemption statute which, as noted above, applies to much more than the regulation of the discharge of firearms.

In conclusion, the penalty imposed by the city ordinance in this case is not contrary to law so long as the ordinance relates only to the discharge of firearms in the statutorily specified areas — *i.e.*, areas where there is a reasonable likelihood of jeopardy to humans, domestic animals, or property. The ordinance applies to the discharge of firearms in the city of Seattle, and Ballsmider nowhere argues that it is not directed at areas where there is a reasonable likelihood of jeopardy to humans, animals, or property. Hence, Ballsmider's sentence was lawful. Because the sentence and penalty imposed by the ordinance are lawful, Ballsmider was correctly informed of the applicable penalty at the time of his plea. Therefore, there is no merit to his argument that he should be allowed to withdraw his guilty plea because he was unaware, at the time of his plea, of the correct penalty for his offense.

Affirmed.