[Nos. 17211-9-II; 18775-2-II.    Division Two.    August 2, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ISMAEL
JUAN ACEVEDO AKA ISMAEL JUAN
ACEVEDO-GONZALES, *Appellant*.

*In re the Personal Restraint Petition of* ISMAEL JUAN
ACEVEDO-GONZALES, *Petitioner*.

*R.A. Lewis* and *Knapp O'Dell & Lewis,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Dana M. Field, Deputy,* for respondent.

BRIDGEWATER, J. — This is a consolidated appeal and personal restraint petition by Ismael Juan Acevedo-Gonzales from a conviction of two counts of delivery of cocaine within 1,000 feet of school grounds and one count of delivery of material in lieu of a controlled substance. Among other challenges, Acevedo asserts that the Omnibus Alcohol and Controlled Substances Act of 1989 (the Act), which provides for twenty-four-month sentence enhancements for drug offenses within 1,000 feet of school grounds, violates our state constitution's single subject rule because the Legislature included appropriations within the Act. We hold that the appropriations effectuated the legislative purpose of the Act; thus, there is rational unity between the appropriations and the Act and no violation of the single subject rule. We affirm.

Acevedo's arrest and prosecution followed three "controlled buys" executed by the Clark-Skamania Narcotics Task Force (NTF) with the cooperation of a paid informant. The sentencing court added twenty-four months to the presumptive range because the offenses occurred within 1,000 feet of a school.

I

Acevedo asks this court to hold, contrary to Division

One's decision in *State v. Jenkins*,[1] that the twenty-four-month sentence enhancement authorized by the Act[2] violates the single subject rule. Const. art. II, § 19. When the constitutionality of a statute is questioned, the statute is presumed constitutional and the burden rests upon the challenger to establish its invalidity beyond a reasonable doubt.[3]

■ The single subject rule in Const. art. II, § 19 provides: "No bill shall embrace more than one subject, and that shall be expressed in the title." This section

> has a dual purpose: (1) to prevent "logrolling", or pushing legislation through by attaching it to other necessary or desirable legislation, and (2) to assure that the members of the legislature and the public are generally aware of what is contained in proposed new laws.[4]

The test under Const. art. II, § 19 is whether there is "rational unity" between the subject of the title and the incidental subdivisions within the bill.[5]

■ In *Jenkins*, Division One found rational unity between the "title" and the broad range of civil and criminal provisions within the Act because "each of th[e] provisions furthers the legislative purpose of counteracting drug problems which are prevalent within our society."[6] Acevedo attempts to distinguish *Jenkins* by arguing that Division One focused on the caption, "Omnibus Alcohol and Controlled Substances Act," rather than the actual title, "AN ACT Relating to alcohol and controlled sub-

---

[1]68 Wn. App. 897, 847 P.2d 488, *review denied*, 121 Wn.2d 1032 (1993).

[2]Laws of 1989, ch. 271, § 112; codified at RCW 69.50.435.

[3]*Department of Ecology v. State Fin. Comm.*, 116 Wn.2d 246, 253, 804 P.2d 1241 (1991).

[4]*Flanders v. Morris*, 88 Wn.2d 183, 187, 558 P.2d 769 (1977).

[5]*Jenkins*, 68 Wn. App. at 901; *see also, State v. Grisby*, 97 Wn.2d 493, 498, 647 P.2d 6 (1982), *cert. denied sub nom. Frazier v. Washington*, 459 U.S. 1211, 103 S. Ct. 1205, 75 L. Ed. 2d 446 (1983).

[6]*Jenkins*, 68 Wn. App. at 901.

stances abuse; . . . ."[7] We have conducted an extensive review of the provisions within the Act. We reach the same conclusion as Division One: each provision of the Act, including enhanced penalties for drug offenses committed within 1,000 feet of a school, furthers the legislative purpose of counteracting substance abuse problems. Thus, in this case the fact that Division One may have relied on the caption rather than the bill title is a distinction without a difference.

Acevedo argues, however, that the rational unity test does not apply when a bill contains appropriations, and that a bill that contains both substantive provisions and appropriations violates the single subject prohibition. A bill that contains appropriations and substantive provisions is not unconstitutional unless it is an appropriations bill and defines rights or amends existing law, or it violates the rational unity test.[8] The harm that is to be prevented is that of "logrolling." If substantive provisions could be attached to a budget bill (an appropriations bill), legislators could be caught on the horns of a dilemma because the "budget bill" must be passed to operate state govern-

---

[7]The title states in full:

AN ACT Relating to alcohol and controlled substances abuse; amending RCW 9.94A.310, 69.50.401, 9A.36.050, 9A.82.100, 28A.120.040, 13.40.265, 46.20.265, 66.44.365, 69.41.065, 69.50.420, 69.52.070, 9.73.090, 9.73.120, 9.73.080, 69.50.505, 5.62.020, 18.83.110, 70.96A.010, 70.96A.020, 70.96A.120, 70.96A.140, 70.96.150, 66.24.210, 66.24.290, 82.08.150, and 82.24.020; reenacting and amending RCW 9.94A.320, 9.94A.360, and 5.60.060; adding new sections to chapter 9.73 RCW; adding a new section to chapter 9A.36 RCW; adding a new section to chapter 9A.82 RCW; adding a new chapter to Title 10 RCW; adding a new section to chapter 13.40 RCW; adding new sections to chapter 28A.67 RCW; adding new sections to chapter 28A.120 RCW; adding a new chapter to Title 35 RCW; adding new sections to chapter 36.27 RCW; adding a new chapter to Title 43 RCW; adding a new section to chapter 44.28 RCW; adding new sections to chapter 66.28 RCW; adding new sections to chapter 69.50 RCW; adding a new section to chapter 70.96A RCW; adding a new chapter to Title 82 RCW; creating new sections; *prescribing penalties*; making appropriations; providing an expiration date; providing effective dates; and declaring an emergency.

Laws of 1989, ch. 271 (emphasis added).

[8]*See Service Employees Int'l Union v. Superintendent of Pub. Instruction*, 104 Wn.2d 344, 351, 705 P.2d 776 (1985); *Flanders*, 88 Wn.2d at 188.

ment. As a result, legislators could be coerced to pass substantive laws by having them attached to appropriations bills.

■ While the Act defines rights and appropriates money, it does not run afoul of the "logrolling" prohibition cited by Acevedo because the Act is not an appropriations bill. An example of "logrolling" is *State ex rel. Washington Toll Bridge Auth. v. Yelle*,[9] where the court held that the single subject rule was violated because provisions had been attached to appropriations for the State Highway Commission to guarantee the payment on bonds issued for the construction of a second Lake Washington toll bridge. The Legislature had also provided for a continuing appropriation to guarantee the payment of bonds out of the excise tax on motor vehicle fuels. In *Flanders v. Morris*, 88 Wn.2d 183, 187, 558 P.2d 769 (1977), the Legislature included an age limitation on public assistance in an appropriations bill.

These cases, cited by Acevedo, simply do not stand for the broad proposition he asserts, namely, that an act is void if it contains an appropriation and has substantive provisions. The Washington Supreme Court set forth the applicable rule for appropriations bills in *Service Employees Int'l Union v. Superintendent of Pub. Instruction*, 104 Wn.2d 344, 351, 705 P.2d 776 (1985), that substantive provisions may not be attached to an appropriations bill. In this case, however, this rule is not applicable. If anything, the Act presents the reverse of the problem of logrolling, the Legislature included appropriations in a substantive bill.[10]

There is no rational reason for automatically voiding a substantive bill that contains appropriations, so long as the legislation complies with the rational unity test. Thus, we apply the rational unity test to the appropriation provisions of the Act to determine if the Act violates the single subject rule. We find that the Act survives the rational unity test and agree with Division One's decision

[9] 54 Wn.2d 545, 342 P.2d 588 (1959).

[10] Laws of 1989, 1st Ex., Sess., ch. 19 is the appropriations bill for the 1989-1991 biennium, not Laws of 1989, ch. 271.

in *Jenkins*. Our review of the case law reveals no case which sets forth the rule that we announce today. However, in 1962 the issue of appropriations included within a substantive bill was raised and dealt with summarily by the Supreme Court. Although the court did not make a specific holding, it dismissed the claim of violation of the single subject rule. Based upon that case we infer that an act may properly contain appropriations to execute the purposes of the Act.[11]

In sum, we hold that the inclusion of appropriations in a substantive bill does not violate the single subject proscription as long as there is "rational unity" between the title and the appropriations. Acevedo has not sustained his burden, and the Act does not violate Const. art. II, § 19.

A majority of this panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports, and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN and WIGGINS, JJ., concur.

Review denied at 128 Wn.2d 1014 (1996).

---

[11]*See State ex rel. Washington Toll Bridge Auth. v. Yelle*, 61 Wn.2d 28, 38, 377 P.2d 466 (1962) (inclusion of appropriations within a bill where its object is to carry into execution the principal purposes of the act does not violate the single subject rule).