[No. 15076-3-III. Division Three. February 20, 1997.]

DAVID P. FRAY, ET AL., *Appellants*, v. SPOKANE COUNTY, ET AL., *Respondents*.

---

*Joseph E. Fischnaller* and *Reaugh Fischnaller & Oettinger, P.S.,* for appellants.

*Amy C. Clemmons, Hugh T. Lackie* and *Evans, Craven & Lackie, P.S.,* for respondents.

SWEENEY, C.J. — Deputy Sheriff David P. Fray sued his employer, Spokane County and the Spokane County Sheriff's Department, for negligence after he was injured on the job. He claims that the Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF) Plan II gives him the right to sue his employer. The County argues that it does not. But if the Legislature did provide the right to sue, it did not intend to and corrected that mistake by amendment in 1992. Regardless, the County contends the suit is barred by the employer immunity granted by the Industrial Insurance Act (RCW 51). Deputy Fray responds that the 1992 amendment to the LEOFF Plan II is unconstitutional because the title of the amendatory act does not convey the amendment's effects, in violation of article II, section 19 of the Washington State Constitution, and the amendment refers only to the stat-

ute titles rather than setting the statute out in full, in violation of article II, section 37 of our constitution.

## ISSUES

The contentions of Deputy Fray and the County frame four issues:

(1) Does LEOFF's statutory language authorize suits by police against their employers. We conclude that it does. Should we nonetheless consider legislative history to determine whether that benefit was conferred by mistake? We conclude we should not.

(2) Does the title to the 1992 amendment to LEOFF Plan II adequately convey the effect of the amendment in compliance with article II, section 19 of the Washington State Constitution. We conclude it does not.

(3) Does the title to the 1992 amendment to LEOFF Plan II comply with section II, article 37 of the Washington State Constitution which prohibits an act from being revised by "mere reference to its title." We conclude it does not.

(4) And, finally, we must decide whether the Industrial Insurance Act's bar against suing an employer prohibits Deputy Fray's suit despite "the right to sue" granted to LEOFF Plan II members? We conclude it does not.

We therefore reverse the judgment of the trial court.

Legislative History. In 1969, Washington enacted LEOFF. The act provides a comprehensive system of benefits for police officers and fire fighters. In 1971, the Legislature amended the act to provide more generous benefits. One of the additional benefits conferred was the right to sue an employer for negligence—the "right to sue" provision.[1]

In 1977, the Legislature amended LEOFF to restrict

---

[1]See RCW 41.26.281. The "right to sue" provision was originally codified at RCW 41.26.280, recodified in 1991 at RCW 41.26.058, and eventually recodified in 1992 at RCW 41.26.281.

certain benefits provided to law enforcement officers and fire fighters employed after September 30, 1977.[2] It did so by creating two classes of members. Plan I included those members employed on or before September 30, 1977. Plan II included those members employed after that date.[3] The Plan I benefits remained the same. Plan II benefits were reduced. However, Plan II members became eligible for industrial insurance benefits (RCW 51).[4]

The 1977 amendments listed those benefits which applied to Plan I members only in separate sections.[5] That list did not include the "right to sue." LEOFF was again amended in 1979, 1985 and 1989.[6] The 1979 and 1985 amendments did not change the "right to sue" provision. The 1989 amendment provided the actual labels for the two plans—Plan I and Plan II. It further clarified what benefits and provisions applied to each plan.

In 1991, the Legislature reorganized LEOFF into three parts: (1) laws applicable to Plan I members, (2) laws applicable to Plan II members, and (3) laws applicable to Plan I and Plan II members.[7] The 1991 amendment assigned the "right to sue" provision to the part applicable to both Plan I and Plan II members.[8]

In 1992, the Legislature again amended LEOFF. It directed the code reviser to recodify the "right to sue" provision to that section applicable to Plan I members only.[9]

Facts. Deputy Fray is a LEOFF Plan II member. In

[2]*See* LAWS OF 1977, 1st Ex. Sess., ch. 294.

[3]LAWS OF 1977, 1st Ex. Sess., ch. 294, §§ 1-2; *see also* LAWS OF 1989, ch. 273, § 10.

[4]LAWS OF 1977, 1st Ex. Sess., ch. 294, § 9.

[5]*See* LAWS OF 1977, 1st Ex. Sess., ch. 294, § 18; LAWS OF 1989, ch. 273, § 10.

[6]*See* LAWS OF 1979, 1st Ex. Sess., ch. 249, § 1; LAWS OF 1985, ch. 102, § 5; LAWS OF 1989, ch. 273, § 10.

[7]LAWS OF 1991, ch. 35, §§ 1, 8.

[8]LAWS OF 1991, ch. 35, § 8.

[9]LAWS OF 1992, ch. 72, § 11. The section refers to RCW 41.26.058 which is the designation the "right-to-sue" provision received after being recodified by the 1991 amendments. *See* RCWA § 41.26.280 (West Supp. 1996) (referring to LAWS

1993, he was injured while responding to a call. He applied for and received industrial insurance benefits under RCW 51. In January 1995, Deputy Fray sued Spokane County and the Spokane County Sheriff's Department for negligence. The County moved for summary judgment. It argued that receipt of industrial insurance benefits barred Deputy Fray's suit against his employer. The trial court agreed and dismissed his claim. Deputy Fray appeals.

## DISCUSSION

■■ The facts here are undisputed. Review is therefore de novo. *ITT Rayonier, Inc. v. Dalman*, 67 Wn. App. 504, 507, 837 P.2d 647 (1992) (statutory construction is a question of law), *aff'd*, 122 Wn.2d 801, 863 P.2d 64 (1993).

■■ LEOFF Plan II, Right to Sue. Unless a statute is ambiguous, we glean its meaning from the wording of the statute. *ITT Rayonier*, 67 Wn. App. at 509; *State v. Roth*, 78 Wn.2d 711, 714, 479 P.2d 55 (1971). We read and construe the statute in its entirety, not piecemeal. *ITT Rayonier*, 122 Wn.2d at 807; *Frank v. Fischer*, 108 Wn.2d 468, 474, 739 P.2d 1145 (1987).

■ Starting with the original division of LEOFF into Plan I and Plan II and continuing through four successive amendments, the Legislature had never limited the "right to sue" provision to Plan I members only. *See* LAWS OF 1977, 1st Ex. Sess., ch. 294, § 18; LAWS OF 1979, 1st Ex. Sess., ch. 249, § 1; LAWS OF 1985, ch. 102, § 5; LAWS OF 1989, ch. 273, § 10; LAWS OF 1991, ch. 35, § 8. It was not until 1992 that the code reviser was directed to recodify the "right to sue" provision into that part of the act applicable to Plan I members only. LAWS OF 1992, ch. 72, § 11. Before the 1992 amendment, the statute then unambiguously authorized LEOFF Plan II members to sue employers for negligence.

The County asks us to conclude that the Legislature

OF 1991, ch. 35, § 8, as the authority to recodify RCW 41.26.280 as RCW 41.26.058).

mistakenly failed to exclude the "right to sue" provision from Plan II members, when the second tier of benefits was originally created in 1977. It also asks us to conclude that the Legislature repeated that error in 1979, 1985, 1989, and 1991 when it revised this statutory scheme. This we will not do.

By enacting the amendments, we presume the Legislature considered the "right to sue" provision applicable to Plan II members. *Department of Fisheries v. Chelan County Pub. Util. Dist. No. 1*, 91 Wn.2d 378, 383, 588 P.2d 1146 (1979); *State v. Pawling*, 23 Wn. App. 226, 229, 597 P.2d 1367, *review denied*, 92 Wn.2d 1035 (1979). "Where a statute specifically designates the things upon which it operates, there is an inference that the Legislature intended all omissions." *Queets Band of Indians v. State*, 102 Wn.2d 1, 5, 682 P.2d 909 (1984); *State v. Roadhs*, 71 Wn.2d 705, 707, 430 P.2d 586 (1967). The text of these statutes is not ambiguous.

The County argues that the Legislature was simply mistaken. The County does so by asking us to consider some legislative materials. There is no need to consider extrinsic material when the statute is clear. *See United States v. Locke*, 471 U.S. 84, 95, 105 S. Ct. 1785, 85 L. Ed. 2d 64 (1985) ("[T]he fact that Congress might have acted with greater clarity or foresight does not give courts a *carte blanche* to redraft statutes in an effort to achieve that which Congress is perceived to have failed to do.").

The legislative history offered here includes comments by individual legislators. Even assuming the comments reflect the legislative intent of this act, they are not contemporaneous with the passage of the 1977 amendment. They therefore shed little light on the legislative intent of the entire legislative body which passed these statutes. *See City of Yakima v. International Ass'n of Fire Fighters*, 117 Wn.2d 655, 677, 818 P.2d 1076 (1991); *Woodson v. State*, 95 Wn.2d 257, 264, 623 P.2d 683 (1980).

Constitutional Challenges. The County next argues

that the 1992 amendment to LEOFF, which clearly does limit the "right to sue" provision to Plan I members only, effectively eliminated Deputy Fray's claim against the County. Deputy Fray counters that the 1992 amendment is unconstitutional.

 ██ Article II, section 19. Article II, section 19 of the Washington State Constitution requires that the subject of a bill be expressed in the title. The purpose of this section is to "assure that the members of the legislature and the public are generally aware of what is contained in proposed new laws." *State v. Thorne*, 129 Wn.2d 736, 757, 921 P.2d 514 (1996). " 'The title to a bill need not be an index to its contents; nor is the title expected to give the details contained in the bill.' " *Washington Fed'n of State Employees v. State*, 127 Wn.2d 544, 555, 901 P.2d 1028 (1995) (quoting *Treffry v. Taylor*, 67 Wn.2d 487, 491, 408 P.2d 269 (1965)), *appeal dismissed*, 385 U.S. 10 (1996). It is enough that the title "would lead to an inquiry into the body of the act, or indicate to an inquiring mind the scope and purpose of the law." *Young Men's Christian Ass'n v. State*, 62 Wn.2d 504, 506, 383 P.2d 497 (1963).

 The 1992 amendment is titled:

AN ACT Relating to making technical corrections to chapter 35, Laws of 1991; amending RCW 41.26.005, 41.26.075, 41.32.005, 41.32.215, 41.32.755, 41.40.005, 41.40.145, and 41.50.210; reenacting RCW 41.32.310; adding a new section to chapter 41.26 RCW; creating a new section; recodifying RCW 41.26.058, 41.26.052, and 41.26.054; and repealing RCW 41.26.405, 41.32.610, 41.32.620, 41.32.630, 41.32.700, and 41.40.605.[10]

LAWS OF 1992, ch. 72. The question is whether a reader of

---

[10]The County incorrectly claims that the title to the bill includes "State Retirement Systems — Technical Amendments to Recodification of Provisions Relating To." *See* LAWS OF 1992, ch. 72. That caption is apparently inserted as a means of referencing and indexing the session law. RCW 44.20.050; *cf. State v. Acevedo*, 78 Wn. App. 886, 889-90, 899 P.2d 31 (1995), *review denied*, 128 Wn.2d 1014 (1996).

this title would be led to an inquiry into the body of the act, or the title would indicate the scope and purpose of the law. *Young Men's Christian Ass'n*, 62 Wn.2d at 506. We believe that the title here accomplishes neither purpose. It suggests rather that the changes are technical corrections to chapter 35 of the 1991 laws. It does not give fair notice that by recodifying the "right to sue" provision, Plan II members no longer have the right to sue their employers, a right the Legislature had given and reaffirmed through four previous amendments.

<u>Article II, section 37.</u> Article II, section 37 of the Washington State Constitution prohibits revision or amendment of an act "by mere reference to its title . . . ." It requires that "the act revised or the section amended shall be set forth at full length." WASH. CONST. art. II, § 37. The purpose of this constitutional limitation is similar to that of article II, section 19. It requires disclosure of the effect of new legislation and its impact on existing laws. *Thorne*, 129 Wn.2d at 753. Article II, section 37 requires that the act be complete in itself. It must not therefore require reference to other statutes to understand the purpose or meaning of the act. *Id.* at 753-54.

*Thorne* lays out the two-part test established in *Washington Educ. Ass'n v. State*, 93 Wn.2d 37, 604 P.2d 950 (1980), to determine if a law passes the constitutional muster of article II, section 37. First, it asks " '[i]s the new enactment such a complete act that the scope of the rights or duties created or affected by the legislative action can be determined without referring to any other statute or enactment?' " *Thorne*, 129 Wn.2d at 754 (quoting *Washington Educ. Ass'n*, 93 Wn.2d at 40). Next, it asks " '[w]ould a straightforward determination of the scope of rights or duties under the existing statutes be rendered erroneous by the new enactment?' " *Thorne*, 129 Wn.2d at 754 (quoting *Washington Educ. Ass'n*, 93 Wn.2d at 41).

The 1992 amendment here reads that: "The code reviser shall recodify RCW 41.26.058 ["right to sue" provision], 41.26.052, and 41.26.054 in chapter 41.26 RCW under the

subchapter heading 'Plan I.' " LAWS OF 1992, ch. 72, § 11. Turning to the first part of the test, this amendment requires that a reader examine previous acts to determine the effect of this recodification. In *Washington Educ. Ass'n*, the court concluded that an enactment failed to meet the first part of the test where the act prevented any school district from increasing salaries greater "than that provided in sections 100, 102, 103, and 106 of this act." *Washington Educ. Ass'n*, 93 Wn.2d at 38. The court observed that "to understand the effect of the limitation, one must refer to [the sections of the statute] which establish the general powers of the district and the powers of the school board to fix salaries of employees." *Id.* at 40-41. So it is here. By looking solely at the 1992 amendment, a reader would not know the effect of moving RCW 41.26.058 to the chapter heading "Plan I."

In order to understand the amendment, a reader must first refer to the original statute which explains the "right to sue" conferred by RCW 41.26.058. The reader must then identify the chapter heading under which that provision is currently located. Finally, he or she must determine the effect of moving the "right to sue" provision to the chapter heading "Plan I." Compare this to the initiative discussed in *State v. Manussier*, 129 Wn.2d 652, 664, 921 P.2d 473 (1996), where the initiative met the first part of the test by addressing a limited subject, setting out all amended statutes, providing definitions of affected parties, and precluded any other statute's application.

The amendment also fails the second part of the *Washington Educ. Ass'n* test. It does not apprise those affected, by the existing law, of the important change. In *Washington Educ. Ass'n*, 93 Wn.2d at 41, the Supreme Court concluded that a statute violated this second prong of the test because the statute purported to limit the school districts' power to spend funds on teachers' salaries. But a straightforward reading of other statutes indicated that "districts have the power to spend funds, from whatever source, as they choose on teacher salaries." *Id.* at 41.

Likewise, a straightforward reading of LEOFF Plan II, before the 1992 amendment, authorized the right to sue. The amendment effectively eliminates that right by *moving* the "right to sue" provision, so that it only applies to LEOFF Plan I members.

The County counters that the 1992 amendment falls within an exception to the strictures of article II, section 37. An act passes constitutional muster even though it fails to satisfy the requirements of article II, section 37 if (1) the act repeals prior acts or sections thereof on the same subject; (2) a complete act adopts by reference provisions of prior acts; (3) a complete act supplements prior acts or sections thereof without repealing them; or (4) a complete act incidentally or impliedly amends prior acts. *Naccarato v. Sullivan,* 46 Wn.2d 67, 75, 278 P.2d 641 (1955).

The shortcoming in the County's argument is that this is not a complete act. An act which cannot be understood without reference to other acts is not complete. *Weyerhaeuser Co. v. King County,* 91 Wn.2d 721, 732, 592 P.2d 1108 (1979); *see Manussier,* 129 Wn.2d at 665 (initiative was complete act when its modification of other sentencing laws was readily apparent from reading its provisions). Here, a reader cannot determine what RCW 41.26.058 pertains to without referring to prior acts.

Nor could a reader determine the effect of placing that provision under a subchapter heading "Plan I" without reference to prior acts. The County is correct that the amendment does not change the language, and recodifies the provision in its entirety. But the substantive change, deletion of the "right to sue," caused by the provision's placement under "Plan I" requires reference to LEOFF. The amendment here directly and substantially alters the effect of the "right to sue" provision by transferring the benefit from both Plan I and Plan II members to Plan I members only.

Because of our disposition of the constitutional issues raised by Deputy Fray, we need not address his contention that his right became vested despite the 1992 amendment.

Industrial Insurance Immunity. The County next argues that industrial insurance benefits are exclusive and that by their inclusion in the LEOFF Plan II scheme Deputy Fray cannot receive any other benefits, including the "right to sue."

The Industrial Insurance Act prohibits employees receiving benefits from "every other remedy, proceeding or compensation . . . ." RCW 51.04.010. That, of course, includes any cause of action against an employer for negligence. *See generally West v. Zeibell*, 87 Wn.2d 198, 201, 550 P.2d 522 (1976).

As we have already concluded, the same act that conferred industrial insurance benefits to Plan II members also gave those members the right to sue their employers. The granting of industrial insurance benefits, while not restricting the "right to sue," suggests that the Legislature intended to confer both benefits on law enforcement officers. *Taylor v. City of Redmond*, 89 Wn.2d 315, 319, 571 P.2d 1388 (1977) ("We will not determine the intent of the legislature from its omissions where there is an affirmative assertion indicating such intent.").

The language of the statutes also supports this conclusion. The "right to sue" provision gives a plan member "the privilege to benefit under this chapter and *also have* a cause of action against the governmental employer . . . ." RCW 41.26.281 (emphasis added). Further, the provision granting industrial insurance benefits provides: "Notwithstanding any other provision of law, members shall be eligible for industrial insurance as provided by Title 51 RCW, as now or hereafter amended . . . ." RCW 41.26.480. We interpret this provision to mean that in spite of any other provision in LEOFF a member is still entitled to industrial insurance benefits. *See City of Seattle v. Ballsmider*, 71 Wn. App. 159, 162-63, 856 P.2d 1113 (1993) (interpreting statute's use of "notwithstanding"). The "right to sue" provision accommodates the industrial insurance benefits by limiting an employee's right to receive damages to those in excess of the amount received

or receivable under LEOFF. RCW 41.26.281; *see also Gillis v. City of Walla Walla*, 94 Wn.2d 193, 198, 616 P.2d 625 (1980) (recognizing that the "right to sue" provision only entitles party to damages in excess of the amount received).

We also disagree with the County's assertion that if the Legislature intended to allow receipt of both benefits under LEOFF and industrial insurance, it would have expressly said so. The language is clear. The section returning industrial insurance benefits to LEOFF Plan II members provides that they are eligible for industrial insurance benefits, not limited to those benefits. LAWS OF 1977, 1st Ex. Sess., ch. 294, § 9.

We also find support for our conclusion in those cases considering the interplay between RCW 51 and LEOFF. Both *Hunter v. Department of Labor & Indus.*, 19 Wn. App. 473, 576 P.2d 69, *review denied*, 90 Wn.2d 1022 (1978), and *Taylor* can be distinguished because they only concern Plan I members. But both cases recognized that LEOFF "has superseded the industrial insurance act insofar as police officers . . . are concerned . . . ." *Hunter*, 19 Wn. App. at 476; *see Taylor*, 89 Wn.2d at 317. They then support the conclusion that LEOFF's "right to sue" and the benefits conferred by RCW 51 are not superseded by RCW 51's elimination of causes of action available to an employee.

## CONCLUSION

The Legislature granted LEOFF Plan II members the "right to sue" their employers for negligence. The attempted amendment by the Legislature in 1992 violates both sections 19 and 37 of article II of the Washington State Constitution. Deputy Fray's receipt of benefits under the Industrial Insurance Act also does not bar his right to sue his employer. We reverse the trial court's grant of summary judgment and reinstate Deputy Fray's cause of action.

SCHULTHEIS, J., and MUNSON, J. Pro Tem., concur.

Review granted at 132 Wn.2d 1006 (1997).