[No. 19680-8-II.    Division Two.    August 1, 1997.]

MONTIE ELFORD, ET AL., *Appellants*, v. THE CITY OF
BATTLE GROUND, ET AL., *Respondents*.

230

*Scott J. Horenstein* and *Horenstein & Duggan, P.S.*, for appellants.

*Jocelyn J. Lyman* and *Law, Lyman, Daniel, Kamerrer & Bogdanovich*, for respondents.

HOUGHTON, C.J. — Police Officer Montie Elford sued his employer, the City of Battle Ground (the City), for injuries he suffered while on duty. Elford had already collected worker's compensation benefits. The trial court granted the City's motion to dismiss under CR 12(c) and denied the City's motion for costs. Elford appeals the dismissal of his claim. The City cross-appeals the denial of its motion for costs. We reverse and remand for further proceedings.

## FACTS

The facts of this case are not in dispute. Elford is a police officer employed by the City. On December 25, 1991, Elford was injured when a police dog bit him on the arm.

Elford applied to the Department of Labor and Industries (the Department) for worker's compensation benefits. The Department ordered payment in the amount of $1080 ($3132 total benefits, less $2052 for previous payments). Elford appealed to the Board of Industrial Insurance Appeals, arguing that his award was inadequate. Elford later voluntarily withdrew his appeal.

Subsequently, Elford sued the City for negligence. The City moved for judgment on the pleadings, arguing that the trial court lacked jurisdiction over Elford's claim

because he was covered under the Industrial Insurance Act. The City also requested attorney fees under RCW 4.81.185 for responding to Elford's "frivolous" lawsuit. The trial court granted the City's motion to dismiss but denied the City's request for fees.

## ANALYSIS

### A. City's Motion to Dismiss Elford's Appeal

The City moves to dismiss Elford's appeal arguing that Elford's assignments of error and statement of issues do not properly identify errors, and that his claimed error is not supported by argument. In his brief, Elford makes the following assignment of error:

> The trial court erred in granting Defendant's Motion for Judgment On The Pleadings pursuant to Civil Rule 12(c).

Additionally, Elford identified the following issues relating to his assignment of error: (1) whether the trial court erred in applying the 1992 amendment to RCW 41.26 retroactively; and (2) whether the trial court erred in ruling that 1992 amendment barred Elford's cause of action. We find Elford's assignment of error and issue statements sufficiently clear to merit review. RAP 10.3; RAP 1.2.

### B. Employee's Right to Sue Under LEOFF

The Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF), RCW 41.26, governs the distribution of retirement and disability benefits for police officers and firefighters. In 1971 (LAWS OF 1971, 1st Ex. Sess., ch. 257), the Legislature amended LEOFF, giving members the right to sue their employers for negligence. The "right to sue" provision provides:

> **Cause of action for injury or death, when.** If injury or death results to a member from the intentional or negligent act or omission of a member's governmental employer, the member . . . shall have the privilege to benefit under this

chapter and also have cause of action against the governmental employer as otherwise provided by law, for any excess of damages over the amount received or receivable under this chapter.

RCW 41.26.281.

In 1977, the Legislature again amended LEOFF, creating two different benefit plans. Plan I applies to all members who joined the system before October 1, 1977, and Plan II applies to all those who joined after October 1, 1977. Plan II members receive reduced benefits, but are eligible for industrial insurance benefits under Title 51 RCW.[1]

The 1977 amendment listed the LEOFF provisions that applied only to Plan I members. The Legislature did not include the "right to sue" provision in this list. The Legislature amended LEOFF three more times, in 1979, 1985, and 1989. Neither the 1979 nor the 1985 amendments affected the "right to sue" provision.

The 1989 amendment further clarified which provisions applied to the different plans. Section 10 of the 1989 amendment limited the application of several LEOFF provisions to either Plan I or Plan II exclusively. The "right to sue" provision was not included in either list. In 1991, the Legislature reorganized LEOFF into three parts: provisions applying only to Plan I; provisions applying only to Plan II; and provisions applying to both plans. Under the 1991 amendment, the "right to sue" was included in the list of provisions applicable to both Plan I and Plan II.

In 1992, the Legislature again amended LEOFF. This time, the "right to sue" provision was recodified and its application limited exclusively to Plan I.

It is undisputed that Elford is a Plan II member. Elford

---

[1]At all times relevant to this case, RCW 41.26.480 has provided:

**Industrial insurance.** Notwithstanding any other provision of law, members shall be eligible for industrial insurance as provided by Title 51 RCW, as now or hereafter amended, and shall be included in the payroll of the employer for such purpose.

This provision has never applied to Plan I members, who are expressly excluded from coverage under the Industrial Insurance Act. RCW 41.26.270.

contends that before the 1992 amendment, Plan II members could collect Industrial Insurance benefits and sue their employers under the "right to sue" provision. The City counters that, as a Plan II member, Elford is limited by the Industrial Insurance Act's exclusive remedy provision.[2] Another division of this court recently addressed these issues and held that before the 1992 amendment, the "right to sue" provision applied to Plan II members and that Plan II members were not limited to Industrial Insurance remedies. *Fray v. Spokane County*, 85 Wn. App. 150, 156-57, 931 P.2d 918 (1997). We agree.

■■ The rules of statutory construction require that a court confronted with conflicting statutes should, when possible, reconcile them and give effect to each provision. *King v. Department of Soc. & Health Servs.*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988). When reconciliation is not possible, the more recently enacted provision should prevail unless the language of the earlier provision is more clear and explicit. *State ex rel. Graham v. San Juan County*, 102 Wn.2d 311, 320, 686 P.2d 1073 (1984); *State v. Landrum*, 66 Wn. App. 791, 796, 832 P.2d 1359 (1992).

Here, the Industrial Insurance provision is the more recently enacted provision. The "right to sue" provision states "member[s] shall . . . have a cause of action against the governmental employer" while the Industrial Insurance provision states "members shall be eligible for industrial insurance." *Compare* LAWS OF 1971, 1st Ex. Sess. ch. 257, § 15, *with* LAWS OF 1977, 1st Ex. Sess. ch. 294, § 9. Because "shall be eligible" connotes some element of choice on the part of the member, we find that the "right to sue" provision is the more explicit and unambiguous of the two. As such, it prevails over the industrial insurance provision. *Graham*, 102 Wn.2d at 320; *Landrum*, 66 Wn. App. at 796.

■ We find further support for this conclusion from the

---

[2]The Industrial Insurance Act's exclusive remedy provision provides that "[A]ll civil actions and civil causes of action for [employment related] injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided." RCW 51.04.010.

Legislature's repeated amendments to LEOFF. When the Legislature amends legislation, it is presumed that it considered earlier enactments dealing with the same subject matter. *Department of Fisheries v. P.U.D. Dist. No. 1*, 91 Wn.2d 378, 383, 588 P.2d 1146 (1979); *State v. Roth*, 78 Wn.2d 711, 715, 479 P.2d 55 (1971).

■ As noted above, the "right to sue" provision has applied to Plan II since it was created in 1977. Although the Legislature has amended LEOFF several times since then, the "right to sue" provision has consistently remained applicable to Plan II. Moreover, in 1991, the Legislature made the "right to sue" provision applicable to both Plan I and Plan II. Accordingly, we presume that the Legislature intended that the "right to sue" provision apply to Plan II before the 1992 amendment. *Fray*, 85 Wn. App. at 157.

■ The City contends that the "right to sue" provision's application to Plan II members was the result of a "drafting error" by the Legislature. In support of this argument, the City asks us to consider extrinsic legislative materials. Because the disputed provisions are unambiguous, it would be improper to resort to extrinsic materials. *Fray*, 85 Wn. App. at 157.

### C. Constitutional Challenges

It is undisputed that, under the 1992 amendment, the "right to sue" provision no longer applies to Plan II. The City contends that the 1992 amendment should apply retroactively. Elford counters by arguing that the 1992 amendment is unconstitutional and invalid to the extent it limits application of the "right to sue" provision to Plan I members. We agree.

■ Elford first contends that the 1992 amendment is unconstitutional because the subject matter of the amendment is not expressed in its title. Article II, section 19 of our constitution provides, "No bill shall embrace more than one subject, and that shall be expressed in the title."

Const. art. II, § 19. Article II, section 19 is to be liberally construed in favor of the validity of the legislation. *In re Boot*, 130 Wn.2d 553, 566, 925 P.2d 964 (1996). A title is sufficient "if it gives notice that would lead to an inquiry into the body of an act, or indicate to an inquiring mind the scope and purpose of the law." *Young Men's Christian Ass'n v. State*, 62 Wn.2d 504, 506, 383 P.2d 497 (1963).

The title of the bill at issue is:

> AN ACT Relating to making technical corrections to chapter 35, Laws of 1991; amending RCW 41.26.005 . . . adding a new section to chapter 41.26 RCW . . . recodifying RCW 41.26.058. . . .

LAWS OF 1992, ch. 72. (some citations omitted).[3]

■■ Nothing in the title suggests that the purpose of the bill is to modify the substantive rights of Plan II members by depriving them of the benefit of the "right to sue" provision. *Fray*, 85 Wn. App. at 159. Failure to comply with article II, section 19 does not necessarily invalidate the entire act. *State ex rel. Distilled Spirits Inst., Inc. v. Kinnear*, 80 Wn.2d 175, 176-77, 492 P.2d 1012 (1972). Portions of the bill adequately covered by the title will stand. *Kinnear*, 80 Wn.2d at 176-77. Accordingly, we hold that the 1992 amendment is invalid only to the extent that it deprives Plan II members of the right to sue their employers.

■■ Elford also contends that the 1992 amendment violates article II, section 37, which provides:

> **REVISION OR AMENDMENT.** No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length.

Const. art. II, § 37. The purpose of article II, section 37 is

---

[3]The City erroneously asserts that the caption, "State Retirement Systems—Technical Amendments to Recodification of Provisions Relating To," is part of the title. This is not the case. *Fray*, 85 Wn. App. at 158 n.10. *See also State v. Acevedo*, 78 Wn. App. 886, 888-89, 899 P.2d 31 (1995), *review denied*, 128 Wn.2d 1014 (1996).

to inform both citizens and legislators of the nature and effect of proposed revisions or amendments. *State v. Thorne*, 129 Wn.2d 736, 753, 921 P.2d 514 (1996); *Washington Educ. Ass'n. v. State*, 93 Wn.2d 37, 39, 604 P.2d 950 (1980). Whether a law complies with article II, section 37 is determined under a two-part test:

> ■ Is the new enactment such a complete act that the scope of the rights or duties created or affected by the legislative action can be determined without referring to any other statute or enactment?
>
> . . . .
>
> ■ . . . Would a straightforward determination of the scope of rights or duties under the existing statutes be rendered erroneous by the new enactment?

*Thorne*, 129 Wn.2d at 754 (quoting *Washington Educ. Ass'n v. State*, 97 Wn.2d 899, 903, 652 P.2d 1347 (1982)).

■ ■ As written, the 1992 amendment fails to satisfy either part of this test. *Fray*, 85 Wn. App. at 160-61. Section 11 of the 1992 amendment provided:

> The code reviser shall recodify RCW 41.26.058 [the right to sue provision] . . . in chapter 41.26 RCW under the subchapter heading "Plan I."

LAWS OF 1992, ch. 72, § 11. It is impossible to determine from this language that Plan II members' right to sue has been adversely affected without referring to LEOFF. Further, the determination that Plan II members could sue their employers is rendered erroneous by the 1992 amendment.

The City contends that the 1992 amendment does not violate article II, section 37 because the act adopts by reference the provisions of LEOFF. We disagree. A complete act which adopts by reference provisions of prior acts does not violate article II, section 37. *Naccarato v. Sullivan*, 46 Wn.2d 67, 75, 278 P.2d 641 (1955). If the enactment in question cannot be understood without referring to other

acts, it is not a complete act. *Weyerhaeuser Co. v. King County*, 91 Wn.2d 721, 732, 592 P.2d 1108 (1979). Because the 1992 amendment is virtually incomprehensible without referring to LEOFF, it is not a complete act. *Weyerhaeuser*, 91 Wn.2d at 732; *Fray*, 85 Wn. App. at 161.

### D. Attorney Fees

In its cross-appeal, the City contends that the trial court erred in declining to award the City attorney fees under RCW 4.84.185. The City also requests an award of costs and attorney fees on appeal. RCW 4.84.185 permits an award to the prevailing party of costs and attorney fees for responding to actions that are "frivolous and advanced without reasonable cause." Because we reverse the trial court's judgment in favor of the City, it is no longer the prevailing party and is not entitled to costs and fees incurred at trial or on appeal. RCW 4.84.185; RAP 18.1.

Reversed and remanded for further proceedings.

BRIDGEWATER and ARMSTRONG, JJ., concur.

Review denied at 135 Wn.2d 1001 (1998).