[No. 20656-4-III. Division Three. December 17, 2002.]

MARY VANCE, *Respondent*, v. THE DEPARTMENT OF RETIREMENT SYSTEMS, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *Jerome E. Westby, Assistant,* for appellant.

*Darrell K. Smart* (of *Smart Law Offices, P.S.*), for respondent.

BROWN, C.J. — Mary Vance suffered several back injuries, one of which was caused on the job. She received nonduty disability benefits from the Public Employees' Retirement System (PERS) and duty-related disability benefits from the Department of Labor and Industries (L&I). The Department of Retirement Systems (DRS) determined that her PERS benefit should be offset by her L&I benefit pursuant to RCW 41.40.300. Ms. Vance appealed to the superior court. Finding no offset was required, the court reversed the DRS decision. DRS appeals. We reverse and reinstate the DRS decision.

## FACTS

Ms. Vance became a member of PERS Plan 1 on May 1, 1969, when she was hired by the Department of Social and Health Services as an attendant counselor at the Yakima Valley School. Her duties entailed caring for and assisting the developmentally disabled residents of the school. She worked there until October 31, 1987.

Ms. Vance suffered from back pain as a result of on-the-job injuries. She was treated for degenerative low back arthritis and had duty-related back injury claims in 1978, 1981, 1982, 1983 and 1984.

On November 28, 1986, Ms. Vance strained her low back while attempting to lift a resident from the floor. She sought medical treatment in January 1987. Her treating physician diagnosed a duty-related chronic lumbar strain pattern in February. He noted Ms. Vance had a preexisting low back impairment and her "symptoms are as much related to age and physical size as anything else." Clerk's Papers (CP) at 30; finding of fact (FF) 6. He recommended an exercise and weight loss program.

In February 1987, Ms. Vance filed an L&I claim for the November 1986 injury. In April she switched doctors. The new doctor also noted her back problems were complicated by her obesity. A weight loss program was again recommended. She was also to be off work for six weeks.

In June 1987, Ms. Vance's doctor determined she should not be working as an attendant counselor because of the heavy lifting required. She was placed on leave effective July 1. She did not return to work and was disability separated on October 31, 1987.

Ms. Vance received L&I time-loss payments from January 1987 through July 24, 1996. Her date of injury was January 19, 1987, the day she first sought treatment for the injury.

On September 8, 1987, Ms. Vance applied for PERS Plan 1 duty disability retirement benefits. PERS awarded her a nonduty, rather than a duty, benefit. Ms. Vance appealed to DRS. She argued that because L&I had granted her benefits the injury was necessarily job-related and she was entitled to a duty disability allowance. DRS disagreed and sustained the nonduty benefit. The superior court affirmed this decision.

Meanwhile, L&I granted Ms. Vance a permanent partial disability award. On January 29, 1991, DRS determined that Ms. Vance's nonduty PERS benefits should be offset, pursuant to RCW 41.40.300, by the amount she had recovered from L&I. Because the offset had not been applied, Ms. Vance had been overpaid PERS benefits in the amount of $11,450.54.

Ms. Vance protested the offset. RCW 41.40.300 mandates an offset when benefits were paid by both L&I and PERS for the "same disability." CP at 32; FF 24. She argued the offset should not apply because her benefits were paid for two different injuries or conditions—one duty-related and the other not. DRS disagreed and found both benefits were for her back condition. DRS's final order upheld the offset.

Ms. Vance appealed to the superior court. Concluding her benefits were not for the same disability, the court reversed. DRS appeals.

## ANALYSIS

The issue is whether the trial court erred by deciding DRS was not entitled to offset Ms. Vance's benefits and refusing to adopt the DRS interpretation of the "same disability" provision of RCW 41.40.300, as meaning Ms. Vance was entitled to a single benefit for her back condition.

 "We review a final administrative order under the Administrative Procedure Act (APA), applying the APA standards directly to the agency record." *Tassoni v. Dep't of Ret. Sys.*, 108 Wn. App. 77, 84, 29 P.3d 63 (2001), *review denied*, 145 Wn.2d 1030 (2002); RCW 34.05.570(3). When facts are undisputed, as they are here, we review conclusions of law de novo. *Fray v. Spokane County*, 85 Wn. App. 150, 156, 931 P.2d 918 (1997), *aff'd*, 134 Wn.2d 637, 952 P.2d 601 (1998). But we accord substantial weight to the legal interpretation of the agency acting within the realm of its expertise. *Tassoni*, 108 Wn. App. at 84.

The issue here is whether the offset provision of RCW 41.40.300 applies. That statute provides:

> Any amounts which may be paid or payable under the provisions of any workers' compensation, or pension, or similar law on account of any disability shall be offset against and payable in lieu of any benefits payable from funds provided by the employer under the provisions of this chapter on account of the same disability.

The parties dispute the meaning of the phrase "same disability." DRS contends Ms. Vance was receiving benefits from both L&I and PERS for a back injury; therefore, she was receiving two benefits for the "same disability" and thus the offset provision should apply. Ms. Vance counters her L&I benefits were for her work-related back injury and her PERS benefits were for her degenerative back problem; thus they were not the "same disability" and the offset provision should not apply.

■ ■ When reading a statute, we will not construe language that is clear and unambiguous, but will instead give effect to the plain meaning. *One Pac. Towers Homeowners' Ass'n v. HAL Real Estate Invs., Inc.*, 108 Wn. App. 330, 340, 30 P.3d 504 (2001), *review granted*, 146 Wn.2d 1008 (2002). But if a statute is unclear, we apply the rules of statutory construction to determine the legislative intent. *Id.*

■ Chapter 41.40 RCW does not define the term "same disability." In the absence of such a definition, statutory construction requires that we give undefined words their common and ordinary meaning. *Id.*; *State v. Argueta*, 107 Wn. App. 532, 536, 27 P.3d 242 (2001). To ascertain this meaning, we may use a dictionary. *Argueta*, 107 Wn. App. at 536. In determining the meaning of a term in a statute, we must also consider the intent of the legislature. *Pac. Towers*, 108 Wn. App. at 340. If statutory language is susceptible to more than one definition, we will adopt the definition that promotes the purpose of the statute. *Id.* at 340-41.

■ The dictionary defines disability as "the inability to pursue an occupation or perform services for wages because of physical or mental impairment." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 642 (1993). "Same" is defined as "something identical with or similar to another." *Id.* at 2007. Therefore "same disability" means an inability to pursue an occupation or perform services for wages due to an identical or similar physical or mental impairment.

■ ■ Ms. Vance was receiving L&I benefits because she was unable to work due to low back strain she suffered

while on the job. She received her PERS benefits because she was unable to work due to her degenerative back problem. This is an identical inability to work. Therefore, the offset provision of RCW 41.40.300 should apply.

There is nothing specific in the statute which indicates the underlying legislative intent of RCW 41.40.300. But the statute clearly seeks to avoid compensating an individual more than once for an inability to work caused by an identical impairment. Adopting Ms. Vance's position would permit an individual to define a disability in such specific terms that the provision would rarely apply. This would be an absurd result. Statutory construction prohibits this. *Pac. Towers*, 108 Wn. App. at 340.

Moreover, Ms. Vance confuses cause with effect. The effect of her separate back injuries is the same; her inability to work. Ms. Vance had a back injury. Two different agencies determined the injury was caused by different conditions. Two different agencies provided benefits to her for the injury because it resulted in her inability to work. It is the "same disability." RCW 41.40.300 applies. In sum, Ms. Vance suffered a first back injury resulting in her inability to work, and then suffered a cumulative back injury also resulting in her inability to work. The superior court decision is reversed and the final DRS order is reinstated.

Ms. Vance has requested attorney fees pursuant to RCW 4.84.350(1), the equal access to justice act. Because she is not the prevailing party, she is not entitled to an award of fees. *See Campbell v. Bd. for Volunteer Firefighters*, 111 Wn. App. 413, 423, 45 P.3d 216 (2002).

Reversed.

KURTZ, J., concurs.

KATO, J. (dissenting) — I respectfully dissent. A low back strain caused by lifting and a preexisting degenerative disc disease are not the same disability. In that vein, the Public Employees' Retirement System awarded Ms. Vance nonduty disability benefits after the Department of Labor

and Industries awarded her duty-related disability benefits. Moreover, Ms. Vance's position here does not run afoul of RCW 41.40.300's purpose. I would affirm the judgment of the trial court and award Ms. Vance attorney fees on appeal.

Review denied at 149 Wn.2d 1028 (2003).