[No. 46249.   En Banc.   August 21, 1980.]

DONALD C. GILLIS, *Appellant,* v. THE CITY OF
WALLA WALLA, *Respondent.*

*Critchlow & Williams,* by *Michael E. de Grasse,* for appellant.

*Williams & Golden,* by *Eugene T. Golden,* for respondent.

STAFFORD, J.—Appellant, Donald Gillis, appeals from a judgment in which the trial court offset the value of benefits paid to Gillis under the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (hereafter LEOFF) against the gross verdict in this personal injury action.

Gillis was a fire fighter employed by respondent, City of Walla Walla, and was covered by LEOFF. He was injured in the course of his employment due to respondent's negligence.

Gillis applied for and began receiving a LEOFF disability pension. RCW 41.26.120 and .130. Thereafter Gillis initiated the present personal injury action against respondent pursuant to RCW 41.26.280.

Prior to a jury trial, Gillis moved to exclude any reference to his receipt of LEOFF benefits. The trial court ruled the evidence would be excluded if the parties could agree on the present value of receivable LEOFF benefits and that the value of those benefits plus payments made to the date of trial would be deducted from the gross verdict. The parties stipulated that the present value of receivable LEOFF benefits was $131,860. They did not agree, however, whether that sum should be offset against the gross verdict for personal injury or whether it should be offset only against specific components of an itemized verdict.

The case was submitted to the jury with an interrogatory form verdict. The verdict awarded appellant $11,500 for medical expenses; $10,000 for disability and disfigurement; $50,000 for pain and suffering; and, nothing for loss of earnings and earning capacity. Appellant conceded the receivable LEOFF benefits should be subtracted from that portion of the verdict awarding compensation for medical expenses and proposed a judgment of $60,000. The trial court rejected the proposal and offset the value of the medical benefits received (i.e., $11,500) and present value of receivable LEOFF benefits (i.e., $131,860) against the gross personal injury verdict. As a result, a judgment was entered that appellant take nothing.

Appellant assigns error to the judgment in which the trial court offset the value of receivable LEOFF benefits (i.e., $131,860) against the verdict of $50,000 for pain and suffering and $10,000 for disability and disfigurement. For the reasons set forth below, we affirm the trial court.

As set forth in RCW 41.26.270, the declaration of policy respecting benefits for injury or death, the LEOFF system operates to grant employee members "sure and certain relief for injuries" and also to protect "the governmental employer from actions at law." This relationship is a reciprocal trade–off for the benefit of law enforcement officers, fire fighters and their governmental employers alike. It is similar to the workers' compensation scheme covering workers and their employers under RCW Title 51. RCW 41.26.270. To this end, RCW 41.26.270, which employs the terms "injuries" and "personal injuries" interchangeably, provides in pertinent part:

> [T]he *benefits and remedies conferred by this chapter* [upon LEOFF members] *shall be to the exclusion of any other remedy,* proceeding, or compensation *for personal injuries, caused by the governmental employer* except as otherwise provided by this chapter; and to that end *all civil actions* and civil causes of actions *by such law enforcement officers and fire fighters against their governmental employers for personal injuries are hereby abolished,* except as otherwise provided in this chapter.

(Italics ours.) The legislature could not have been more clear about its intent to abrogate a member's civil right of action for personal injuries.

RCW 41.26.280 supplies the sole exception to the statutory abolition of all civil actions against governmental employers for personal injuries or death. It provides in pertinent part:

> If injury or death results to a member from the intentional or negligent act or omission of his governmental employer, the member . . . shall have the privilege to benefit under this chapter and also have cause of action against the governmental employer as otherwise provided by law, *for* any *excess* of damages *over the amount received or receivable under this chapter.*

(Italics ours.) RCW 41.26.280 is consistent with RCW 41.26 in general and RCW 41.26.270 in particular. It recognizes a member's entitlement to basic coverage under the LEOFF

system without regard for the existence or absence of negligence of either party. It authorizes, as an exception to RCW 41.26.270 a cause of action where injury or death results from the intentional or negligent act or omission of the governmental employer, and limits recovery to the excess of damages over the amount received or receivable under the chapter.

It is undisputed that appellant's cause of action satisfies the requirement that the injury result from an employer's negligence. The central issue, however, is the extent to which the jury's award is circumscribed by the clause limiting appellant's recovery to the excess of damages over the amount received or receivable under the chapter.

Appellant contends he is entitled to recover all amounts awarded in a civil action for pain, suffering, disability and disfigurement because the LEOFF statutory scheme does not specifically provide compensation for them. He argues that since the chapter has not specifically mentioned these elements as compensable items, they are not benefits "received or receivable" under the chapter. RCW 41.26.280. Accordingly, since they are not benefits conferred by the chapter and thus not excluded, it is asserted they should be the subject of a civil action.

■ We do not agree with appellant's reasoning. While ingenious, it ignores the impact of RCW 41.26.270 and .280 in two ways.

First, RCW 41.26.280 limits recovery to any excess damages over the amount "received or *receivable* under this chapter." (Italics ours.) We do not interpret this statutory language as indicating a limitation as to the nature or type of disability benefits awarded under LEOFF. To the extent LEOFF provides disability benefits, the award, like workers' compensation benefits, represents compensation for *all* components attendant to an injury, including both economic and noneconomic (*i.e.*, pain, suffering, disability and disfigurement) loss. Although the statutory scheme employs

an economic formula for computing LEOFF disability benefits,[1] it only does so as an efficient means of providing "sure and certain relief for injuries". RCW 41.26.270. Beyond this basic coverage, a member is entitled to additional recovery only if injury or death has resulted from the employer's intentional or negligent act or omission. RCW 41.26.280. If appellant's position is adopted, however, only members who were injured as a result of an employer's improper act would be entitled to damages for pain, suffering, disability and disfigurement. Members who were not so injured would only be entitled to benefits for economic loss. Nothing in the act indicates such a distinction was contemplated, and, indeed, is wholly at odds with a system designed to confer benefits without reference to the negligent or nonnegligent character of the source of injury. Accordingly, we interpret RCW 41.26.280 as requiring a setoff of the amounts received and receivable under LEOFF against the total verdict awarded in a civil action.

Second, the declaration of policy in RCW 41.26.270 indicates a legislative concern that there be sure and certain relief for a member's injuries, on the one hand, and protection for the employer from actions at law on the other. Appellant's interpretation of the statutory system would undermine this legislative intent. Pain, suffering, and to a lesser extent, disability and disfigurement are components of most personal injury actions. Accordingly, if appellant's position is accepted, members would be able to sue their governmental employers every time personal injury resulted from an intentional act or a negligent act or omission. This constant exposure to legal action would make

---

[1]RCW 41.26.130(1) provides:

"Upon retirement for disability a member shall be entitled to receive a monthly retirement allowance computed as follows: (a) A basic amount of fifty percent of final average salary at time of disability retirement, and (b) an additional five percent of final average salary for each child as defined in RCW 41.26-.030(7), (c) the combined total of subsections (1)(a) and (1)(b) of this section shall not exceed a maximum of sixty percent of final average salary."

both the extent of the relief and the protection from litigation uncertain thus destroying the clear legislative policy set forth in RCW 41.26.270.

The statutory scheme permits a LEOFF member who has been injured by the intentional or negligent act or omission of a governmental employer to (1) receive the benefits provided by the chapter and also to (2) have a cause of action against the employer for any excess of damages over the amount received or receivable as benefits under the LEOFF system. In short, the value of benefits received and the present value of benefits receivable under the chapter are to be offset against the gross verdict obtained for personal injury against the covered governmental employer.

The trial court is affirmed.

UTTER, C.J., ROSELLINI, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and COLE, J. Pro Tem., concur.