[No. 40471-7-I.   Division One.   February 8, 1999.]
BRUCE HANSEN, ET AL., *Appellants*, v. THE CITY OF
EVERETT, *Respondent*.

*James A. Conley* of *Wurdeman & Tesch, P.C.*, for appellants.

*Thom H. Graafstra* of *Keithly, Weed & Graafstra*, for respondent.

APPELWICK, J. — Bruce and Rebecca Hansen appeal two orders granting partial summary judgment to the City of Everett, contending that the trial courts erred by ruling that (1) their LEOFF (Law Enforcement Officers and Fire Fighter's Retirement System) "excess damages" negligence claim is subject to comparative fault, and (2) comparative fault is applied to any amount they recover using the "net damages" rule, i.e., by subtracting the percentage of damages attributable to comparative fault from the total damages proven and then offsetting the LEOFF benefits received and receivable. We granted discretionary review to resolve these two legal issues.

Under the plain language of LEOFF's "excess damages" provision and the comparative fault statute, comparative fault principles apply to the Hansens' "excess damages" negligence claim. In a cause of action for "excess damages," the trier of fact must calculate the total amount payable, then deduct the benefits paid and payable under LEOFF to determine the amount of the excess damages. After the offset, the percentage of comparative fault attributable to the plaintiff, if any, is apportioned and the recoverable damages reduced. Thus, the trial court erred by concluding that the percentage of comparative fault is applied *before* the *statutory* offset. Accordingly, we affirm in part, and reverse in part.

FACTS

In December 1991, Bruce Hansen, a fire fighter employed by the City of Everett, was injured when he fell down a stairway attached to a City building. As a disabled fire fighter, Hansen qualified for LEOFF benefits under RCW 41.26. In addition, he was eligible to "have a cause of action against [his] governmental employer as otherwise provided by law, for any excess of damages over the amount

received or receivable under [LEOFF]" if his injury resulted from the intentional or negligent act or omission of a governmental employer. RCW 41.26.281.

In November 1994, Hansen and his wife, Rebecca Hansen, filed a complaint against the City under RCW 41.26.281, alleging negligence in its failure to protect persons on its property and in its failure to maintain the property. In response, the City alleged that the Hansens' damages were "solely and proximately caused by or contributed to by their own contributory fault, thus barring or diminishing their claims."

On January 10, 1997, Judge Larry McKeeman ordered partial summary judgment to the City, concluding "that as a matter of law comparative negligence applies to this case," and ordering the question of comparative negligence to be submitted to the trier of fact. On March 6, 1997, Judge Anita Farris ordered partial summary judgment to the City, ruling that "at trial of this matter the 'net damages rule' be applied to any comparative negligence of Bruce Hansen found by the jury." This court granted the Hansens' petition for discretionary review of these orders.

## ANALYSIS

"An appellate court reviews de novo an order granting summary judgment and, thus, engages in the same inquiry as the trial court." *Hill v. Department of Transp.*, 76 Wn. App. 631, 637, 887 P.2d 476 (1995).

### I. Comparative Fault

■ ■ The Hansens contend that principles of comparative fault do not apply to LEOFF's "excess damages" provision, RCW 41.26.281. The City, on the other hand, maintains that the plain language of this provision and of the comparative fault provision, RCW 4.22, mandate that comparative fault principles be applied to LEOFF's "excess damages" provision. We agree with the City.

"Absent ambiguity, a statute's meaning must be derived

from the wording of the statute itself without judicial construction or interpretation." *Fray v. Spokane County*, 134 Wn.2d 637, 649, 952 P.2d 601 (1998) (footnote omitted). LEOFF's "excess damages" provision provides:

> If injury or death results to a member from the intentional or negligent act or omission of a member's governmental employer, the member, the widow, widower, child, or dependent of the member shall have the privilege to benefit under this chapter and also have cause of action against the governmental employer *as otherwise provided by law*, for any excess of damages over the amount received or receivable under this chapter.

RCW 41.26.281 (emphasis added). And the comparative fault statute provides:

> In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery. This rule applies whether or not under prior law the claimant's contributory fault constituted a defense or was disregarded under applicable legal doctrines, such as last clear chance.

RCW 4.22.005. " 'Fault' includes acts or omissions . . . that are in any measure negligent or reckless toward the person or property of the actor or others[.]" RCW 4.22.015.

The language of these statutes is clear and unambiguous. Under RCW 41.26.281, the Hansens have a cause of action against the City for damages "as otherwise provided by law." This lawsuit is an action to recover damages for injury based on the City's alleged negligent act toward his person. Accordingly, we hold that the comparative fault statute applies to the Hansens' lawsuit based on fault under LEOFF's "excess damages" provision.

## II. Calculation of Damages

The Hansens contend that their damages are

calculated using the "gross damages" method, which calculates damages by offsetting any benefits received from the total damages proven at trial and then reduces the damages by any percentage attributable to comparative fault. In contrast, the City maintains that damages are calculated using the "net damages" approach, which subtracts the percentage of damages attributable to comparative fault from the total damages proven and then offsets the benefits received.

This issue of choice of damage calculation methods, as related to LEOFF, is one of first impression in Washington. "As a general matter, in interpreting statutes, the principal objective is to ascertain the intent of the Legislature." *Fray*, 134 Wn.2d at 649 (footnote omitted). In 1971, the Legislature amended LEOFF "to provide greater benefits to injured police officers and fire fighters than they would receive under the workers' compensation system." *Fray*, 134 Wn.2d at 643 (citing LAWS OF 1971, 1st Ex. Sess., ch. 257). It granted LEOFF members a right to sue their employers for negligence and intentional acts under the "excess damages" provision, RCW 41.26.281.[1] In an attempt to make injured fire fighters and police officers economically whole, LEOFF uniquely provides them with an actuarial reserve system for sure and certain recovery, *and* affords them an opportunity to collect compensation from their employer for that employer's intentional or negligent act or omission. RCW 14.26.120-.281.

This scheme puts an injured LEOFF member in a better position to be made whole economically than a person similarly situated claiming under Workers' Compensation or common law.[2] By exposing an employer to liability for negligent acts toward its employees, the statute creates a strong incentive for improved safety.

---

[1] The Workers' Compensation statutes provide a cause of action against an employer for intentional injuries only. *See* RCW 51.24.020.

[2] An injured LEOFF member, unlike an injured common-law plaintiff, receives no-fault guaranteed benefits. *See* RCW 41.26.480; RCW 51.04.010 ("[S]ure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault[.]").

However, the employer is protected in three respects. First, the employer's liability for medical services is subject to a statutory offset: "The medical services payable under [the sickness or disability benefits] section will be reduced by any amount received or eligible to be received by the member under workers' compensation, social security . . ., insurance provided by another employer, other pension plan or any similar source." RCW 41.26.150(2). Secondly, the statute expressly provides that the employer be subrogated to all rights of the member against third parties to recover payments made by the employer for medical services. RCW 41.26.150(3). Thirdly, the "claim" against the employer in a lawsuit based on negligent or intentional harm is limited to amounts in "excess of damages over the amount received or receivable under [LEOFF]." *Gillis v. City of Walla Walla*, 94 Wn.2d 193, 196, 616 P.2d 625 (1980). The offset is applied regardless of the nature or type of disability benefits under LEOFF.

Hansen argues that the common-law gross damages calculation should apply because, if it does not, his claim under RCW 41.26.281 would be rendered futile by a comparative fault finding of as little as 12.5%. At the time of the enactment of RCW 41.26.280, which is now codified at RCW 41.26.281, contributory negligence was the law. Under contributory negligence, a finding that an employee was 1% negligent would have completely barred recovery. The Legislature did not amend LEOFF to overcome such a harsh result. Subsequent enactment of the comparative fault statute, RCW 4.22.005, however, did make these circumstances less onerous. RCW 4.22.005 (declaring that an employee's contributory fault no longer bars recovery altogether). Harsh results alone cannot compel the choice of the gross damages method over the net damages method.

The City argues that the common-law net damages rule is the law in tort actions, citing *Scott v. Cascade Structures*, 100 Wn.2d 537, 673 P.2d 179 (1983) (adopting the "net damages" approach to calculate contributions among joint tortfeasors). The City next frames the issue as follows:

"The question then becomes whether an exception or distinction should be made in the application of comparative fault to a negligence action under RCW 41.26.281, because of the poor cause of action Mr. Hansen has." The City has overlooked the language of the statute. In effect, it asks us to rewrite RCW 41.26.281 to read: ". . . benefit under [LEOFF] and also have a cause of action against the governmental employer as otherwise provided by law, for any excess of damages over the amount received or receivable under [LEOFF]." We decline to do so.

This court need not choose between the gross damages rule and the net damages rule, because the statute itself instructs how to calculate damages. The cause of action is defined as "for any excess of damages over the amount received or receivable under [LEOFF]." RCW 41.26.281. The comparative fault statute provides, in part, "any contributory fault chargeable to the claimant diminishes proportionately the amount *awarded as compensatory damages*[.]" RCW 4.22.005 (emphasis added). The potential amount awarded for compensatory damages under RCW 41.26.281 is limited to excess damages; that is, the total damages reduced by amounts paid by LEOFF, reduced further by the present value of the amounts payable by LEOFF. *Gillis*, 94 Wn.2d at 198. Comparative fault may be applied only to the damages remaining after this calculation, for they are the only damages recoverable under the cause of action.

Absent the limitation to recovery of "excess damages," tort law at the time the Legislature enacted RCW 41.26.281, would have allowed full recovery against the employer. And, the collateral source rule would have cut off consideration of LEOFF benefits. *Cf. Washington Ins. Guar. Ass'n v. Mullins*, 62 Wn. App. 878, 886, 816 P.2d 61 (1991) (holding that the collateral source rule precluded a tortfeasor from reducing any adverse judgment by the amount of the injured member's LEOFF benefits). The employer might have been able to subrogate against itself under RCW 41.26.150 for medical expenses it had already paid. *See* RCW 41.26.150(3)

("[T]he employer shall be subrogated to all rights of the member against any third party who may be held liable for the member's injuries or for payment of the cost of medical services in connection with a member's sickness or disability to the extent necessary to recover the amount of payments made by the employer."). The employee would have been capable of double recovery, but would also have been susceptible to a contributory negligence bar to recovery.

The Legislature could have provided a cause of action and granted the employer full offsetting credit for amounts paid under LEOFF. Or, it could have imitated the Workers' Compensation statute and created a lien on behalf of LEOFF. *See* RCW 51.24.030(2), .050(1), .050(4)(c). But it did neither. The Legislature instead granted a limited cause of action for "excess damages."

Our reading of the Legislature's words does not undercut the intent to compensate an injured employee or the intent to promote safety. We apply comparative fault to that which the Legislature has allowed the parties to litigate. Accordingly, we affirm Judge McKeeman's order, reverse Judge Farris' order, and remand for trial or other proceedings consistent with this opinion.

COLEMAN and BECKER, JJ., concur.

Review denied at 138 Wn.2d 1009 (1999).