[No. 42912-4-I.   Division One.   February 5, 2001.]

JERALD A. BICKFORD, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.

*Mark H. Sidran, City Attorney,* and *Paul A. Olsen, Assistant,* for appellant.

*William L. Taylor;* and *Thomas G. Burke* (of *Law Offices of Thomas G. Burke*), for respondent.

GROSSE, J. — Under the reasoning of *Smith v. Bates Technical College,*[1] Jerald Bickford was not required to exhaust his contractual or administrative remedies on his claim for wrongful termination in violation of public policy. He articulated violations of public policy under the City of Seattle's Police Officer's Bill of Rights. However, the trial court abused its discretion in ruling that the City of Seattle

[1] *Smith v. Bates Technical Coll.,* 139 Wn.2d 793, 991 P.2d 1135 (2000).

failed to plead its right to set off any disability award against the verdict.

## FACTS

Bickford was a sergeant with the Seattle Police Department (Department). One of Bickford's subordinates made several allegations of sexual harassment and discrimination against Bickford. The Department initiated an investigation of the allegations and took preliminary steps to transfer Bickford to another precinct during the investigation.

Captain McWashington, Bickford's commanding officer, met with Bickford and advised him of the complaint. Captain McWashington did not address the specific details of the allegations or tell Bickford that the allegations were made by the only female police officer on his squad at the time. Bickford, allegedly distraught by the allegations, refused the transfer and immediately sought psychiatric treatment. Soon thereafter, he applied for and was granted a six-month disability leave for his mental and emotional stress.

The Equal Employment Opportunity Commission investigator responsible for reviewing the complaint against Bickford interviewed several individuals with whom Bickford had worked. The investigator then submitted a series of written questions to Bickford based on information the investigator obtained in the course of the investigation. The investigation was completed and submitted to Bickford's chain of command approximately three months after the initial allegations were made.

According to his physicians, Bickford's condition deteriorated with the passage of time. His doctor would not allow him to return to work until the workplace situation was resolved. After six months on leave, and approximately a month before the command finalized its review and disciplinary recommendation, Bickford's paid disability leave ended. He did not seek reinstatement, or ask for additional

time off. Instead, he applied for and was granted disability retirement.

Bickford eventually asserted a number of claims against the City of Seattle (City) in King County Superior Court. The court granted the City's motion for summary judgment in part, dismissing several of Bickford's claims. Bickford's claims of wrongful discharge in violation of public policy and wrongful discharge in violation of the collective bargaining agreement were preserved for trial.

The City moved for a directed verdict at the close of Bickford's case, and again at the close of its own case, on grounds that Bickford failed to articulate a public policy sufficient to support his claims and further that he failed to exhaust his administrative remedies. The court denied the motion. The jury returned a verdict in Bickford's favor, awarding back and future wages and emotional distress damages in an amount exceeding $1 million.

The City moved for judgment notwithstanding the verdict and to offset Bickford's disability retirement benefits from the judgment. These motions were denied by the trial court. The City appealed both rulings. This court originally filed an opinion reversing the decision of the trial court holding that Bickford failed to exhaust his administrative remedies. Shortly thereafter, the Washington State Supreme Court handed down the decision in *Smith v. Bates Technical College* which addresses the issue of exhaustion of administrative remedies. We granted reconsideration in this case.

## DISCUSSION

■ The majority opinion in *Smith v. Bates Technical College* states:

As our prior case law has not clearly defined the scope of the common law tort of wrongful discharge in violation of public policy, we now expressly hold the common law tort is available to all employees without regard to whether an employee is terminable at-will or may be discharged only for cause. We also

hold an employee need not exhaust contractual or administrative remedies before bringing an independent tort action for wrongful discharge in violation of public policy.[2]

Thus, under *Smith*, the Supreme Court made a policy decision that allows Bickford an independent action regardless of the fact that he was a "for cause" employee who did not exhaust his contractual or administrative remedies.

While the issue of whether there is an actionable public policy violation is a question of law, the City asked both the jury and the trial court to decide whether the violations of public policy alleged by Bickford affected the public collectively, as opposed to his own private interest. Each determined that the interests of the public were implicated.[3] The jury determined that Bickford was wrongly "forced" to retire when his statutory disability leave expired and he had not formally or officially been informed of the allegations against him.

■ The question remaining for this court is whether the trial court erred in refusing to offset Bickford's disability pension benefits against the jury award. We find the trial court abused its discretion in ruling that the City failed to plead or timely raise the issue of setoff under CR 8(c). " 'Generally, affirmative defenses are waived unless they are (1) affirmatively pleaded, (2) asserted in a motion under CR 12(b), or (3) tried by the express or implied consent of the parties.' "[4] However, the rule's policy is to avoid surprise and affirmative pleading is not always required.[5]

■ Bickford does not contest the City's position that state law provides that disability retirement benefits must be set off against a jury verdict in circumstances where a police officer sues his employer for tortious conduct. This

---

[2] *Smith*, 139 Wn.2d at 816.

[3] *See* jury instruction 6 requested by the City.

[4] *Henderson v. Tyrrell*, 80 Wn. App. 592, 624, 910 P.2d 522 (1996) (quoting *Bernsen v. Big Bend Elec. Coop.*, 68 Wn. App. 427, 433-34, 842 P.2d 1047 (1993)).

[5] *Henderson*, 80 Wn. App. at 624 (citing *Mahoney v. Tingley*, 85 Wn.2d 95, 100-01, 529 P.2d 1068 (1975) and *Bernsen*, 68 Wn. App. at 434).

result is mandated by statute and case decisions.[6] As stated by the Supreme Court in *Gillis v. City of Walla Walla*, the statutory scheme permits a Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF) member who has been injured by the intentional or negligent act or omission of a governmental employer to receive the benefits provided by the LEOFF statute and also to have a cause of action against the employer for any *excess* of damages over the amount received or receivable as benefits under the LEOFF system. Therefore, the value of benefits received and the present value of benefits receivable must be offset against the gross verdict obtained for personal injury against the governmental employer.[7]

However, Bickford argues the City did not expressly plead the affirmative defense in its answer, and there are no circumstances from which the court should have determined that this issue was tried by the express or implied consent of the parties. The City concedes it did not expressly plead the affirmative defense of setoff, but rigorously challenges that the issue was not tried by the express or implied consent of the parties. The record supports the City in that regard.

The attorneys for the City and for Bickford discussed with the court that the defense would be presented and even agreed as to how it would be presented and the figures to be used. There was a colloquy between the court and the attorneys on March 3, 1998, outside the presence of the jury, about the City's claim of the setoff of LEOFF I benefits if the jury were to find in favor of Bickford.

Bickford argues that although his injury occurred while acting in the course of employment his wrongful discharge was not in the course of employment. However, this argument cannot be given much weight in light of his "line of

---

[6] RCW 41.26.270, .281; *Gillis v. City of Walla Walla*, 94 Wn.2d 193, 196-98, 616 P.2d 625 (1980); *Hansen v. City of Everett*, 93 Wn. App. 921, 927, 971 P.2d 111 (1999); *Fray v. Spokane County*, 85 Wn. App. 150, 162-63, 931 P.2d 918 (1997), aff'd, 134 Wn.2d 637, 649, 952 P.2d 601 (1998).

[7] *Gillis*, 94 Wn.2d at 198.

duty" disability retirement assertions. The disability pension that Bickford was awarded is dependent upon his own representation prior to his retirement that he became disabled as a police officer in the line of duty.

Bickford claims the *Gillis* decision is invalid.[8] He bases his argument on a footnote in the decision of *Flanigan v. Department of Labor & Industries*,[9] making a negative reference to dictum in *Gillis. Flanigan*, an industrial insurance benefit case, cannot be read to overturn *Gillis*, or one that applies to the offset of LEOFF benefits under RCW 41.26.270.[10] The *Flanigan* decision disapproves of the homogenization of industrial insurance benefits with LEOFF disability benefits but does not overturn the *Gillis* decision.[11]

Bickford also claims his cause of action was not for personal injury, but rather for wrongful termination of employment (wrongful discharge). But, wrongful termination of employment in violation of public policy is characterized as an intentional tort. The nature of the cause of action lies in tort and the court utilizes tort damages in determining the extent of recovery.[12] The trial court erred in failing to grant a setoff of the judgment by the amount of the disability pension received and receivable under the reasoning of the *Gillis* case and its progeny.

Bickford seeks an award of attorney fees on appeal. Both parties have succeeded in this appeal such that there is no substantially prevailing party. Therefore, Bickford's request is denied.

---

[8] *Gillis v. City of Walla Walla*, 94 Wn.2d 193, 616 P.2d 625 (1980).

[9] *Flanigan v. Dep't of Labor & Indus.*, 123 Wn.2d 418, 423 n.3, 869 P.2d 14 (1994).

[10] *Flanigan* involved a claim under the State Industrial Insurance Act. Although LEOFF disability pension benefits are intended in part to serve the same function as worker's compensation benefits with respect to uniformed personnel, LEOFF benefits are more inclusive, generous, and governed under a separate statutory scheme.

[11] This is obviously so considering that the *Gillis* decision has been cited with favor since the *Flanigan* decision was handed down.

[12] *Cagle v. Burns & Roe, Inc.*, 106 Wn.2d 911, 916, 726 P.2d 434 (1986); *see also Anaya v. Graham*, 89 Wn. App. 588, 950 P.2d 16 (1998).

The decision of the superior court is affirmed in part and reversed in part and the matter remanded for action consistent with this opinion.

Cox and ELLINGTON, JJ., concur.

Motions for reconsideration denied March 14, 2001.

Review denied at 144 Wn.2d 1019 (2001).