[Nos. 24464-4-III; 24800-3-III;    Division Three.    March 22, 2007.]
24613-2-III.

JEFF LASCHEID, *Respondent*, v. THE CITY OF KENNEWICK,
*Appellant*.

634

*George E. Telquist* (of *Leavy, Schultz, Davis & Fearing, PS*) and *John S. Ziobro, City Attorney*, for appellant.

*Michael S. Dutton* and *Joseph E. Fischnaller*, for respondent.

¶1 SWEENEY, C.J. — The assignments of error here generate two essential questions. The first is whether the trial judge should have decided as a matter of law that the plaintiff police officer assumed the risk of the injuries he sustained while attempting to negotiate a high speed obstacle course. We agree with the trial judge that this was a question of fact for a jury. The second question is how the jury's damage award should be calculated. Specifically, should the Department of Labor and Industries' lien be deducted before or after the plaintiff's comparative fault was assessed? Again, we agree with the trial judge. The lien should be deducted first. And we affirm the judgment entered on a verdict in favor of the officer.

## FACTS

¶2 Jeff Lascheid was a police officer with the city of Kennewick (City), Washington. The City required that he drive an emergency vehicle operations course—an obstacle course. He had successfully driven the high speed course before. But Officer Lascheid this time lost control of his car, went over a curb, and slammed into a four-inch square metal support pole that totaled his car. He was injured.

¶3 Officer Lascheid is covered by Plan 2 of the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF), chapter 41.26 RCW. The Department of Labor and Industries (L&I) paid him workers' compensation pursuant to that plan.

PROCEDURE

¶4 Officer Lascheid sued for damages in excess of his L&I benefits. This is permitted by LEOFF. RCW 41.26.281. He claimed the City was negligent. The City responded that his suit was barred by the doctrine of implied primary assumption of risk. The City alleged this as an affirmative defense. The City moved to dismiss the complaint because Officer Lascheid, like all police officers, assumed the risk of driving hazards when he took the job. Officer Lascheid also moved for summary judgment that the City owed him a duty—that assumption of risk did not relieve the City of its duty to him. The court concluded that Officer Lascheid's responsibility, his comparative fault, was a disputed question of material fact and denied both motions.

¶5 The case was tried to a jury. The City moved to dismiss Officer Lascheid's complaint throughout the trial, again on the theory that the doctrine of primary assumption of risk relieved the City of any duty as a matter of law. And, again, the trial judge refused to dismiss the case. The court also rejected the City's proposed jury instruction that all workers, as a matter of law, assume the risk of hazards inherent in the job when they accept employment.

¶6 The jury returned a special verdict that Officer Lascheid did not assume the risk of this injury. The jury found that the City was negligent and that Officer Lascheid was 50 percent at fault. The jury assessed Officer Lascheid's total damages at $524,680.

¶7 The court denied the City's motions for judgment notwithstanding the verdict or a new trial.

¶8 Both Officer Lascheid and the City dispute the court's calculation of the judgment amount. The court deducted two sums from the jury's damage award: L&I payments and the percentage for Officer Lascheid's comparative fault. LEOFF requires that the recovery amount be offset by the amount of benefits received.[1]

---

[1] RCW 41.26.281.

¶9 The order of these offsets affects the final judgment amount. The judge here first offset the L&I payments, then reduced that result by Officer Lascheid's 50 percent comparative fault. This approach resulted in an award almost twice that which would have been reached if the judge had first reduced the award by the 50 percent for comparative fault and then offset the L&I benefits. The City says this gave Officer Lascheid a windfall.

## DISCUSSION

¶10 The City first appeals the trial judge's refusal to dismiss Officer Lascheid's claims. It claims he assumed the risk of injury and it therefore owed him no duty. Officer Lascheid appeals the judge's decision to give the City any credit for L&I benefits. He contends that offsetting the City's liability for benefits paid by L&I resulted in a windfall for the City. He wants us to order the City to reimburse L&I. Or he wants us to increase the jury award by the amount of L&I benefits received.

NEGLIGENCE

¶11 The City contends that Officer Lascheid knowingly and voluntarily assumed the risk of a known hazard. This, it argues, satisfies the requirements of implied primary assumption of risk and is an absolute bar to recovery.

¶12 Officer Lascheid responds that the scope of the former common law doctrine of assumption of risk has been narrowed by a statutory comparative fault scheme. Only one form of the old assumption of risk survives as an absolute bar, he argues: what used to be called "implied primary" assumption of risk. And for this to bar his cause of action, the City had to show that he knew and voluntarily accepted the precise hazard at the time he made his decision.

Standard of Review

¶13 The propriety of the trial judge's refusal to dismiss this suit is a question of law. And so our review is de

novo. *Weber Constr., Inc. v. Spokane County*, 124 Wn. App. 29, 33, 98 P.3d 60 (2004). We accept as true the nonmoving party's evidence and give that party the benefit of all reasonable inferences from that evidence. *Id.* Here, each party moved for judgment as a matter of law at least once. This does not change the nature of our inquiry. *Hoagland v. Mount Vernon Sch. Dist. No. 320*, 23 Wn. App. 650, 657 n.3, 597 P.2d 1376 (1979), *aff'd,* 95 Wn.2d 424, 623 P.2d 1156 (1981). We must determine whether there was any disputed material fact and whether either party was entitled to judgment as a matter of law. *Id.* A trial is necessary if there is a genuine issue as to any material fact. *LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975).

LEOFF

¶14 A law enforcement officer who is injured on the job has a statutory right to sue his or her employer for negligence. *Fray v. Spokane County*, 134 Wn.2d 637, 646, 952 P.2d 601 (1998). Cities owe employee police officers a statutory duty not to injure them by negligent acts or omissions. RCW 41.26.281; *Locke v. City of Seattle*, 133 Wn. App. 696, 704, 137 P.3d 52 (2006), *review granted,* 158 Wn.2d 1025 (2007). LEOFF expressly provides injured officers a cause of action for negligence. RCW 41.26.281; *Gillis v. City of Walla Walla*, 94 Wn.2d 193, 198, 616 P.2d 625 (1980); *Bickford v. City of Seattle*, 104 Wn. App. 809, 17 P.3d 1240 (2001); *Hansen v. City of Everett*, 93 Wn. App. 921, 926, 971 P.2d 111 (1999). The language of the LEOFF statutes is clear and unambiguous. *Fray*, 134 Wn.2d at 650.

Implied Primary Assumption of Risk

¶15 There are four kinds of assumption of risk: (1) express assumption of risk, (2) implied primary assumption of risk, (3) implied reasonable assumption of risk, and (4) implied unreasonable assumption of risk. *Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 496, 834 P.2d 6 (1992).

■■ ¶16 The City asserts implied primary assumption of risk as a defense. This is the only one of the four that is a complete bar to a plaintiff's recovery. *Dorr v. Big Creek Wood Prods., Inc.*, 84 Wn. App. 420, 425, 927 P.2d 1148 (1996). The primary assumption of risk defense obviates any duty, and, of course—no duty, no negligence. *Id.* This is because if the plaintiff consented—before any act by the defendant—to relieve the defendant of any duty regarding a specific known hazard, there can be no negligence. *Id.* at 426-27; *Scott*, 119 Wn.2d at 500-01.

■ ¶17 We construe the doctrine narrowly because implied primary assumption of risk is a complete bar to recovery. *Dorr*, 84 Wn. App. at 425. The defense has been successfully invoked in sports injury cases. Participants there knew and voluntarily accepted the inherent risks. *Scott*, 119 Wn.2d at 498.

¶18 In *Scott*, the court rejected primary assumption of risk as a complete bar to recovery. *Id.* at 503-04. The court allowed the plaintiff to bring a claim of negligence beyond the assumed risk inherent in the activity. *Id.* There, a boy was injured skiing. He sued the ski resort. The court concluded that he assumed the risk only of hazards inherent in the sport—not of the resort operator's negligence. The court did not rule out that the plaintiff may have been contributorily negligent by unreasonably assuming some risk. *Id.* at 503. But negligence was not a complete bar. It was a question of fact for the jury. *Id.*

¶19 *Kirk v. Washington State University*[2] is also helpful. There, a cheerleader was injured while practicing. She sued the university for negligence. She claimed her injury resulted from dangerous conditions and inadequate supervision. The university asserted assumption of risks inherent in cheerleading. *Kirk*, 109 Wn.2d at 451, *cited in Scott*, 119 Wn.2d at 498. The court held that the student assumed the risks inherent in cheerleading. But she did not assume the risk of hazards caused by negligently dangerous facilities or

---

[2] 109 Wn.2d 448, 746 P.2d 285 (1987).

inadequate supervision. *Kirk*, 109 Wn.2d at 454-55, *cited in Scott*, 119 Wn.2d at 498.

¶20 Officer Lascheid argues that the risks of the course here were not the same as those posed on the street. We cannot answer this question. Whether the hazards inherent in operating a police car in a street emergency are the same as those posed by driving an obstacle course at mandatory minimum speeds is a question of fact. A jury decides questions of fact. *Stiley v. Block*, 130 Wn.2d 486, 502, 925 P.2d 194 (1996).

¶21 The City must show that Officer Lascheid knew and voluntarily assumed specific known risks. *Dorr*, 84 Wn. App. at 426-27. The City contends that Officer Lascheid knew and assumed the risks of this course on the day he was hired. The City argues that he also acquired knowledge of those risks during 11 post-hire training sessions on this same training course.

¶22 The City cites to a California case holding that workers in high-risk jobs automatically assume the risk of being injured, not only by inherent job hazards but also while training to meet those hazards. *Hamilton v. Martinelli & Assocs.*, 110 Cal. App. 4th 1012, 1023, 2 Cal. Rptr. 3d 168 (2003). But this is not the law in Washington.

¶23 The defendant here, the City, must show that Officer Lascheid knew of the precise hazard when he made the decision to accept the risk. *See Dorr*, 84 Wn. App. at 426-27. The standard is subjective. It is specific to the particular plaintiff and the particular facts. *Taylor v. Baseball Club of Seattle, LP*, 132 Wn. App. 32, 38, 130 P.3d 835 (2006), *review denied*, 158 Wn.2d 1026 (2007); *Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 720, 965 P.2d 1112 (1998). It was not enough for the City to show that Officer Lascheid could have or should have foreseen that high-speed vehicle obstacle course training would be mandatory. It had to show that he actually knew the specific risks and accepted them. *See Erie v. White*, 92 Wn. App. 297, 303, 966 P.2d 342 (1998).

¶24 And assuming the risk of hazards inherent in an activity does not mean assuming the risk of unknown hazards created by future negligence. *Scott*, 119 Wn.2d at 498-99. By contrast, implied *reasonable* or *unreasonable* assumption of risk may arise when a plaintiff knows about an existing risk created by the defendant's existing negligence—and yet voluntarily chooses to encounter that risk. But again, this is not a complete bar to recovery. Rather, the jury weighs it in determining comparative fault. *Id.* at 499.

¶25 Here, even if we accept the City's theory that Officer Lascheid assumed the risks inherent in emergency driving training, this would not relieve the City of its duty to provide training on a properly designed course, equipped with available safety technology, and properly supervised.

¶26 The court properly instructed the jury by this same reasoning. We review alleged errors of law in jury instructions de novo. *Boeing Co. v. Key*, 101 Wn. App. 629, 632, 5 P.3d 16 (2000). The jury instructions must properly inform the jury of the applicable law and otherwise meet the test for sufficiency. *See Boeing*, 101 Wn. App. at 633; *State v. Hutchinson*, 135 Wn.2d 863, 885, 959 P.2d 1061 (1998). The instructions here adequately informed the jury of the pertinent law and permitted the City to argue its theory of the case. That is all that is required. *Boeing*, 101 Wn. App. at 634.

¶27 The court properly refused to dismiss this complaint as a matter of law based on primary implied assumption of risk.

CALCULATION OF JUDGMENT

¶28 The trial judge here deducted the amount of benefits received from the total jury award, then awarded 50 percent of the remainder. The City contends this gave Officer Lascheid a windfall. The City contends the court should have first reduced the jury's total damages by Officer Lascheid's 50 percent comparative fault and only then deducted the amount of benefits he received from that amount. The difference is $176,077 versus $89,815.

¶29 Statutory interpretation is a matter of law that we review de novo. *New Castle Invs. v. City of LaCenter*, 98 Wn. App. 224, 228, 989 P.2d 569 (1999); *State v. Van Woerden*, 93 Wn. App. 110, 116, 967 P.2d 14 (1998). We derive a statute's meaning entirely from the wording of the statute itself unless the statute is ambiguous. *Hansen*, 93 Wn. App. at 924-25.

¶30 The plain language of the LEOFF statute tells us how to do the math here. LEOFF members have a cause of action for any excess of damages over the amount received under LEOFF for injuries caused by employer negligence. RCW 41.26.281. The interpretation of the offset provisions is well settled. Offset is taken against the gross amount of the verdict. *Gillis*, 94 Wn.2d at 198; *Hansen*, 93 Wn. App. at 928. The court then applies the comparative negligence calculation. *Bickford*, 104 Wn. App. at 814.

¶31 Here, the jury fixed Officer Lascheid's gross damages at $524,680. The amount he received in L&I benefits was $172,525. So the excess of damages over the amount he received is $352,155. Reducing this by Officer Lascheid's 50 percent comparative fault gives him a net of $176,077.

¶32 Moreover, on this record, it appears that the parties agreed that Officer Lascheid was entitled to receive the difference between the jury award and the benefits received, less the comparative fault adjustment. The trial court prepared detailed pretrial management reports identifying the disputed issues. Specifically, as to the method of calculating the judgment, the parties agreed that Officer Lascheid had received $172,524.63 in benefits, and that he was "entitled to damages in excess of $172,524.63 before comparative fault." Clerk's Papers at 110. This is what the court did. The judge determined the damages in excess of benefits before comparative fault.

¶33 We affirm the judgment entered on the verdict. We affirm the court's denial of sanctions. And we refuse to award fees on appeal.

¶34 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accor-

dance with the rules governing unpublished opinions. RCW 2.06.040.

KULIK, J., and KATO, J. PRO TEM., concur.